389 A.2d 55

In re Nelson M. GALLOWAY.

**Appeal of Nelson M. GALLOWAY.**

Supreme Court of Pennsylvania.

Argued May 24, 1977.

Decided July 14, 1978.

Nelson M. Galloway, pro se.

LeRoy S. Zimmerman, Dist. Atty., Marion E. MacIntyre, Second Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

O'BRIEN, Justice.

Appellant, Nelson Galloway, was adjudged guilty of direct criminal contempt in the Court of Common Pleas of Dauphin County. He was ordered to pay a fine of $100 and was sentenced to three days in jail. This direct appeal followed.

The facts are: Appellant, a member of the Dauphin County Bar, was the attorney of record for the defendant in the case of *Commonwealth v. Laura Stoklos,* in which Stoklos was charged with prostitution. Appellant first represented Stoklos at her preliminary hearing on March 5, 1976. He provided further representation on June 3, 1976, when Stoklos was formally arraigned. A plea of not guilty was entered, a jury trial was requested and trial was set for June 17, 1976.

When the case was called for trial on the scheduled date, appellant requested a continuance, stating he was unprepared to go to trial because he had not filed any pretrial motions. As appellant offered no reason for his failure to

file timely motions for pretrial relief,[1] the trial court refused his request for a continuance, at which time the following exchange took place:

"THE COURT: Your motion is denied.

"MR. GALLOWAY: Very well. Then I withdraw as counsel.

"THE COURT: Permission to withdraw is refused.

"MR. GALLOWAY: I do withdraw. I will not represent her.

"THE COURT: Mr. Galloway, you have entered your appearance and I order you to defend a client.

"MR. GALLOWAY: I refuse to do so.

"THE COURT: You are in contempt of this Court.

"MR. GALLOWAY: I can't do anything about that. I would rather be in contempt of one Court than in contempt of a system of law and justice."

Subsequently, appellant again attempted to withdraw as counsel, his withdrawal request was denied and he again refused to defend his client. Following this denial of permission to withdraw and appellant's refusal to defend, the following colloquy occurred:

"MR. GALLOWAY: I request your permission.

"THE COURT: I deny it.

"MR. GALLOWAY: I can't participate in a travesty of justice.

"THE COURT: I deny permission and I order you to defend your client.

"MR. GALLOWAY: I refuse.

"THE COURT: You are in contempt. The sentence of the Court is that you are fined $100 and you are imprisoned for three days. You are remanded to the custody of the Sheriff."

1. Rule 305 of the Pennsylvania Rules of Criminal Procedure provides:
"Except as provided in these Rules, no pretrial application shall be considered if made less than ten days before trial unless opportunity therefor did not exist or the defendant or his attorney was not aware of the grounds for the application."

4

The Act of June 16, 1836, P.L. 784, § 23, 17 P.S. § 2041, provides:

"The power of the several courts of this commonwealth to issue attachments and to inflict summary punishments for contempts of court shall be restricted to the following cases, to-wit:

"I. To the official misconduct of the officers of such courts respectively;

"II. *To disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful processes of the court;*

"III. *To the misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.*" (Emphasis added.)

In this case, we do not know whether appellant was adjudged guilty of contempt under Subsection II or Subsection III, as no opinion was filed. We are of the opinion, however, that appellant's conviction must be affirmed, as sufficient evidence exists under either section to sustain the conviction.

In defining the scope of Subsection II, we have stated:

"Subsection II permits a court to punish 'disobedience or neglect' of its 'lawful process.'. Parties must obey decrees and orders, witnesses must appear when subpoenaed, jurors must present themselves when called. There must be a formal order directed to a specific person or group of persons, but the refusal to comply need not occur in the court's presence. Subsection II permits the courts to compel compliance with formal orders necessary or resulting from the trial of lawsuits." *In re Johnson,* 467 Pa. 552, 556, 359 A.2d 739, 741 (1976).

Appellant attempts to justify his failure to proceed by alleging that the Commonwealth would not proceed with cases he was prepared to try in lieu of the *Stoklos* trial. There is nothing in the record to show that the Commonwealth was prepared to try those cases. Appellant requested a continuance and then sought permission to withdraw. The trial court refused both requests and ordered appellant

to defend Stoklos. Appellant disobeyed this order and was thus guilty of contemptuous conduct under Subsection II.[2]

In the case of In re Johnson, supra, 467 Pa. at 557, 359 A.2d at 741, we stated:

" . . . [S]ubsection III grants the court power to ensure that lawsuits will be heard in a manner conducive to the just and orderly resolution of the issues presented. Any conduct 'in the presence of the court' which 'obstructs the administration of justice' may be punished under this grant of power. The third subdivision requires no formal order, but rather incorporates an implicit standard of decorum within the presence of the court."

In Tenenbaum v. Caplan, 454 Pa. 1, 309 A.2d 428 (1973), we indicated that there must be a disruption in the proceedings to show an obstruction of justice. Here, the trial was postponed, clearly showing such a disruption. Further, appellant must be shown to have had an improper intent. Tenenbaum, supra. While appellant attempts to justify his actions,[3] we believe he intended to obstruct justice by refusing to proceed. The evidence is thus sufficient to sustain a conviction under Subsection III.

Judgment of sentence affirmed.

ROBERTS, J., files a concurring opinion.

EAGEN, C. J., and NIX, J., concur in the result.

MANDERINO, J., files a dissenting opinion.

2. The Commentary to the ABA Standards, the Defense Function, § 7.1 (Tentative Draft 1970) provides:
    "The appropriate way to challenge the judge's decisions is through appropriate procedural devices, including objections and appeals designed for that purpose, not by seeking to impress the client by a show of belligerency which exceeds the need to make a record of what he believes is error in the case. A restrained, respectful attitude on the part of each advocate toward the other helps reinforce the concept that the adversary system, although based on contention, is a mechanism which depends upon evidence and the rule of law, not vituperation or personalities."

3. Id.

6

ROBERTS, Justice, concurring.

I agree with the plurality that the evidence shows beyond a reasonable doubt that appellant, with intent to obstruct the proceedings, engaged in misconduct in the presence of the court which obstructed the administration of justice, and therefore was subject to punishment under subsection III of the Act of June 16, 1836, P.L. 784, § 23, 17 P.S. § 2041 (1962). *In re Johnson,* 467 Pa. 552, 359 A.2d 739 (1976). Because subsection III provides a sufficient basis for affirming the order of the trial court, I find it unnecessary to determine, as does the plurality whether appellant's conduct constituted contempt under subsection II.

Moreover, one accused of contempt is entitled to notice of the offense charged. *Appeal of Sagel,* 478 Pa. 356, 386 A.2d 971 (1978); *Commonwealth v. Mayberry,* 459 Pa. 91, 327 A.2d 86 (1974); accord, *Taylor v. Hayes,* 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974). Here, the court did not specify the statutory source of its authority to impose contempt, appellant apparently believed that he had been charged under subsection III and therefore in this appeal has argued only that provision, and the Commonwealth has not asserted that the trial court relied upon subsection II. In these circumstances, appellant has not received fair notice of any charge of contempt under subsection II. *Appeal of Sagel,* supra. Therefore, to affirm appellant's conviction under subsection II would deny him due process of law.

MANDERINO, Justice, dissenting.

I dissent because neither subsection II nor subsection III of 17 P.S. § 2041 holds appellant's conduct to be contemptuous. Appellant refused to represent his client because he was unprepared and believed that it would work an injustice to attempt to do so. Appellant was held in contempt because he disobeyed the trial judge's order to defend his client despite this unpreparedness. If the trial judge ordered appellant to advise his client to plead guilty, and appellant refused, would we hold appellant in contempt because subsection II includes the word "disobedience"?; or because

subsection III talks of obstructing justice? Of course we would not.

I fail to see the importance of appellant's failure to offer reasons why he was unprepared. The reason might have been a personal one, one which the appellant did not wish to make public. What if an attorney offers a reason why he or she is not prepared and the trial court is not satisfied with the reason? Can the trial court proceed to order an unprepared lawyer to represent someone and hold that lawyer in contempt if the lawyer, in good conscience, refuses to do so? I would hope not.

Whatever the true reason for appellant's unpreparedness, he disobeyed a court directive only because he thought it would unjustly jeopardize his client's interests. I cannot join in any court decision which would penalize an attorney for such a course of action.

Moreover, the majority cites no authority for the proposition that a trial judge has the discretion to deny a motion to withdraw. There is no evidence of previous delay in this case. It may be, although the record is silent on the matter, that thousands of prosecution witnesses were standing by waiting to testify in this earth-shaking case involving not merely murder or rape—but prostitution. Trial courts, of course, must *grind out* speedy justice in these momentous cases.