453 A.2d 1033

**In re In the Matter of Arthur Henry JAMES.**

**Appeal of Arthur Henry JAMES.**

Superior Court of Pennsylvania.

Argued April 21, 1982.

Filed Dec. 17, 1982.

Athena Mary Dooley, Philadelphia, for appellant.

Dianne L. Anderson, Philadelphia, for Commonwealth, participating party.

Before WICKERSHAM, BROSKY and WIEAND, JJ.

WIEAND, Judge:

Arthur Henry James, an attorney, overslept and arrived late on the seventh day of a criminal trial, causing delivery of the court's jury instructions to be delayed for almost an hour. Counsel was summarily held in contempt and fined $200. On appeal, he contends that the "wrongful intent" essential to a finding of contempt was absent. We agree and reverse.

"Courts unquestionably have inherent power to punish willful misconduct which obstructs a fair and orderly trial. [Citations omitted] This includes the authority to impose summary criminal contempt." *Commonwealth v. Garrison,* 478 Pa. 356, 365, 386 A.2d 971, 975 (1978). However, in Pennsylvania, the power to impose summary punishment for contempt has been limited by statute. Thus, the Judicial Code, at 42 Pa.C.S.A. § 4131, provides as follows:

> The power of the several courts of this Commonwealth to issue attachments and to inflict summary punishments for contempts of court shall be restricted to the following cases:
>
> (1) The official misconduct of the officers of such courts respectively.
>
> (2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.
>
> (3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.[1]

Subsection 3 of the statute, being the provision under which appellant was adjudged guilty of contempt, "grants

---

1. This is a substantial re-enactment of the Act of June 16, 1836, P.L. 784, § 23, 17 P.S. § 2041.

the court power to ensure that lawsuits will be heard in a manner conducive to the just and orderly resolution of the issues presented. . . . To prove criminal contempt of court which may be acted upon under authority of [this subsection], the Commonwealth must prove an improper intent, an action and an obstruction of the administration of justice." *In re Johnson,* 467 Pa. 552, 557, 359 A.2d 739, 741–42 (1976). See also: *In re Galloway,* 480 Pa. 1, 4–5, 389 A.2d 55, 57 (1978); *Tenenbaum v. Caplan,* 454 Pa. 1, 4, 309 A.2d 428, 430 (1973). In *Commonwealth v. Washington,* 466 Pa. 506, 508, 353 A.2d 806, 807 (1976), the Supreme Court said: " '[T]here is no contempt unless there is some sort of wrongful intent.' *Offutt v. United States,* 98 U.S.App.D.C. 69, 232 F.2d 69, 72 (1956), cert. den. 351 U.S. 988, 76 S.Ct. 1049, 100 L.Ed. 1501 (1956). '. . . [A] degree of intentional wrongdoing is an ingredient of the offense of criminal contempt.' *In Re Brown,* 147 U.S.App.D.C. 156, 454 F.2d 999, 1006 (1971). 'Willfulness is, of course, an element of criminal contempt and must be proved beyond a reasonable doubt.' *United States v. Greyhound Corporation,* 508 F.2d 529, 531 (7th Cir.1974). In *United States v. Seale,* 461 F.2d 345, 368 (7th Cir.1972), the Court thoroughly discussed the necessity for proof of the element of intent, and concluded that the minimum intent required is 'a volitional act done by one who knows or should reasonably be aware that his conduct is wrongful.' "

Instantly, an improper intent was lacking. The record discloses nothing more than a late appearance caused by oversleeping. Upon awakening, appellant immediately presented himself to the trial judge and, the transcript discloses, apologetically explained his tardiness. Under these circumstances there was no evidence of an intentional disobedience or an intentional neglect.

In *Commonwealth v. Washington, supra,* the appellant, a defendant in a criminal proceeding, failed to appear in court at the appointed time. A detective sent by the trial court to find him, found him asleep at home. Appellant apologized to the court and explained that he had gone to a party the

# 573

night before and thought he had set his alarm. Nonetheless, the trial court held him in contempt and imposed a $50 fine. The Supreme Court reversed, holding that intent had not been established under such circumstances. Thus, contempt had not been proved.

We are not insensitive to the delay and inconvenience which appellant's tardiness caused to the court and to the judicial proceedings then in progress. Neither are we unaware of the great need for courteous courtroom decorum which insures fair and orderly trials. However, "appellate courts have consistently overturned convictions of attorneys held in contempt for lateness when there was no showing of intent." *Commonwealth v. Washington, supra* 466 Pa. at 508, 353 A.2d at 807. Compare: *Medve v. Walakovits,* 305 Pa.Super. 75, 78, 451 A.2d 249, 250 (1982).

Order reversed.