458 A.2d 600

**COMMONWEALTH of Pennsylvania**

v.

**William STARKS.**

**Appeal of Robert REDMOND, Esq.**

Superior Court of Pennsylvania.

Argued Jan. 18, 1983.

Filed March 31, 1983.

Samuel C. Stretton, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CAVANAUGH, ROWLEY and HOFFMAN, JJ.

PER CURIAM:

Appellant contends that the lower court erred in finding him guilty of contempt and sentencing him to sixty days imprisonment. Because we find the evidence of appellant's intent insufficient to support a contempt conviction, we must reverse the order and judgment of sentence of the lower court and order appellant discharged.

Appellant, a solo practitioner, was court-appointed to defend William Starks in the retrial of a first degree murder charge. Late in the afternoon of the first day of Starks' jury trial on February 17, 1981, appellant stopped cross-examining a police detective and requested the lower court to recess for the day because he felt ill and was having trouble concentrating and formulating questions. The lower court agreed to recess for the remainder of the day. The next morning, after appellant telephoned and informed the court that he was still ill and was going to a doctor, the lower court excused the jury until noon. Appellant could not locate a doctor, prompting the lower court to order him to leave his suburban Philadelphia home and report to the court's chambers in Philadelphia's City Hall, where the court would find a doctor for him. The jury was then dismissed for the day. Appellant was there examined by a police surgeon who found appellant's throat moderately infected and noticed signs of increased bowel activity. Although the doctor prescribed medicine to control appellant's diarrhea and indicated that appellant may have had a viral infection, he informed the court that none of appellant's symptoms were disabling and opined that appellant was capable of continuing.

Appellant arrived in court at 9 a.m. the next day and informed the court that he still could not proceed. After

the police surgeon re-examined appellant and found improvement from the day before, appellant was ordered to resume his representation of Starks. Appellant cross-examined a Commonwealth witness for approximately twenty minutes before again telling the court he was having trouble formulating his questions. At the lower court's insistence, appellant continued questioning the witness, but after several minutes he told the court he could not go on. The lower court ordered appellant to continue under threat of contempt. Appellant stated that he could not comply, prompting the lower court to find him in contempt, sentence him to sixty days imprisonment, and declare a mistrial in the Starks trial.

On appeal to this Court, the contempt order was vacated and the case remanded for further proceedings to determine if appellant's physical or mental health prevented him from functioning as counsel on February 19, 1981. Testimony at a March 11, 1981 hearing indicated that shortly after the aborted trial, appellant had been examined by Dr. Clark, a general practitioner with extensive experience in psychiatry and Dr. Levy, a psychiatrist. Both found that appellant had been suffering acute emotional problems. A court-ordered independent psychiatric evaluation on March 17, 1981, indicated that appellant was "experiencing an Acute Depressive Reaction which is definitely related to unusual stresses that have burdened him over several months' time and which triggered his discomforting physical and emotional reactions." Appellant was instructed to take time away from his profession and other sources of stress. Nonetheless, the lower court found that appellant had not suffered any physical or mental illness to prevent him from continuing the trial and reimposed the contempt order and sentence.* This appeal followed.

---

* The lower court also found that appellant had not complied with the doctor's instructions, because he had continued his practice as usual. The court's finding, however, although only marginally relevant to the central issue of appellant's condition during the trial, is belied by the record. Appellant testified that he had taken two vacations after the doctor's instructions and had substantially cut back his practice,

Appellant contends that the lower court erred in finding him in contempt. The inherent power of a court to impose summary punishment for contemptuous conduct has been statutorily limited to the following cases:

(1) The official misconduct of the officers of such courts respectively.

(2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.

(3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

42 Pa.C.S.A. § 4131. "To sustain a summary adjudication of criminal contempt, every element of the offense must be proven beyond a reasonable doubt." *Matter of Campolongo,* 495 Pa. 627, 632, 435 A.2d 581, 583 (1981). Our courts have consistently held that a wrongful intent is a necessary element of criminal contempt. *See Commonwealth v. Marcone,* 487 Pa. 572, 410 A.2d 759 (1980) (counsel's refusal to appear amounted to intentional disobedience of lawful process); *Commonwealth v. Washington,* 466 Pa. 506, 353 A.2d 806 (1976) (attorney who overslept not intentionally disobedient or neglectful of lawful process); *Matter of James,* 307 Pa. Superior Ct. 570, 453 A.2d 1033 (1982) (attorney who overslept did not intentionally obstruct justice); *Commonwealth v. Falkenhan,* 306 Pa. Superior Ct. 330, 452 A.2d 750 (1982) (counsel intentionally obstructed justice); *Medve v. Walakovits,* 305 Pa. Superior Ct. 75, 451 A.2d 249 (1982) (reckless disregard for lawful process of court).

The lower court found that appellant's failure to continue was disobedience under 42 Pa.C.S.A. § 4131(2) and obstruction of justice under 42 Pa.C.S.A. § 4131(3). Although we are reluctant to interfere with a trial court's control of conduct in its courtroom, we cannot sustain its actions here

working only three days each week. Moreover, he had all of his jury trials continued and sought to avoid the more stress-filled adversarial matters. Appellant's testimony was corroborated by court records indicating a substantial decline in his practice from the previous year. We are satisfied that appellant reasonably complied with his doctor's suggestions.

because the record fails to establish that appellant had the requisite intent for criminal contempt. Uncontradicted testimony from three physicians indicated that appellant was suffering from a mental and emotional illness and was unable to continue. We find no wrongful intent in appellant's inability to continue and thus reverse the order and judgment of sentence of the lower court and order appellant discharged.

Reversed and appellant discharged.