470 A.2d 174

**In the Matter of Arthur Henry JAMES, Esq.**

**Appeal of Arthur Henry JAMES, Esquire.**

Superior Court of Pennsylvania.

Argued Oct. 18, 1983.
Filed Jan. 6, 1984.

Athena Mary Dooley, Philadelphia, for appellant.

Howland W. Abramson, Philadelphia, for appellee.

Before McEWEN, BECK and HOFFMAN, JJ.

BECK, Judge:

Arthur Henry James, Esq., was found guilty of contempt of court by the Honorable Edwin S. Malmed of the Court of Common Pleas, Philadelphia County, and fined $500 on February 1, 1980. He appeals from judgment of sentence.

James was representing a client, Eric Baynes, in criminal proceedings. In the course of defending Baynes, James asked for and received several continuances. N.T. 3. On February 1, James told Judge Malmed's law clerk that he would appear in court that afternoon with a brief at 3:30. N.T. 2. He did not appear until approximately 4:55.

James explained that he failed to appear at the specified time because he went to see his client Baynes in the cell room to discuss post-trial motions. N.T. 4. He did not call the court to request a change of time or to offer any excuses for his failure to appear. When he finally appeared, he presented no brief to the court, although he had had a number of months to prepare one. N.T. 10. James was cited for contempt for his failure to appear at the agreed hour. Judge Malmed decided that he would not hold him in further contempt for the failure to submit the brief.

On appeal James argues that 42 Pa.C.S. § 4131(3)[1] requires the Commonwealth to prove misconduct which intentionally interferes with the orderly process of the court. He maintains that because his absence resulted from his decision to interview his client, rather than an intent to obstruct the administration of justice, he should not be penalized. He cites *Commonwealth v. Washington*, 468 Pa. 506, 353 A.2d 806 (1976) in which the Supreme Court reversed a contempt conviction where the attorney failed to appear in court because he had overslept. James maintains that noncompliance, without a showing of intent, is not enough to support a conviction for contempt.[2]

The law is clear that wrongful intent is a necessary element of criminal contempt. *Commonwealth v. Starks,*

---

1. **§ 4131. Classification of penal contempts**
     The power of the several courts of this Commonwealth to issue attachments and to inflict summary punishments for contempts of court shall be restricted to the following cases:
     (1) The official misconduct of the officers of such courts respectively.
     (2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.
     (3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

2. James himself obtained a reversal for another contempt conviction during the time of the instant appeal. James was fined $200 for being an hour late for a different trial because he had overslept. We reversed on the grounds that lateness caused by oversleeping lacked the necessary improper intent. *In Re James,* 307 Pa.Super. 570, 453 A.2d 1033 (1982).

312 Pa.Super. 232, 458 A.2d 600 (1983) (reversing a contempt conviction where the attorney refused to obey the court's order because his physical and mental health prevented compliance). Nevertheless, a subjective intent to obstruct the administration of justice is not a requisite of criminal contempt. *Commonwealth v. Falkenhan*, 306 Pa. Super. 330, 452 A.2d 750 (1982); *Commonwealth v. Owens*, 496 Pa. 16, 436 A.2d 129 (1981).

■ We turn to *Medve v. Walakovits*, 305 Pa.Super. 75, 451 A.2d 249 (1982), cert. denied 461 U.S. 945, 103 S.Ct. 2123, 77 L.Ed.2d 1303, for an analysis of when the necessary intent is found in criminal contempt under 42 Pa.C.S. § 4131(2) [3]. In that case this Court reviewed a number of recent contempt appeals and held that the contemnor "can be held, as a matter of law, to have intended the natural consequences of his acts" (305 Pa.Super. at 80, 451 A.2d at 251). In *Medve*, the attorney was aware of his obligation to appear at a pre-trial settlement at a certain hour and decided to attend to other matters instead. He argued that his tardiness was a result of oversight, rather than an intentional act. We held that his tardiness resulted from a deliberate act which gave rise to a substantial certainty of the forbidden result or a reckless disregard of that result, and that the requisite intent could thereby be proved.

The tardiness of James in the instant case is quite similar. Once James decided to interview his client rather than appear in court, his behavior was such that he acted with a substantial certainty that he would be late or with a reckless disregard of such lateness. We therefore, under the rule of *Medve*, affirm the lower court.

Judgment of sentence affirmed.

3. James argues that he is not guilty of § 4131(3), misbehavior in the presence of the court. He does not address the question of intent in § 4131(2), relating to disobedience and neglect. The trial courts did not specify which section of the statute was being applied. Based on the facts presented by this case, it is clear that § 4131(2) is the relevant division of the statute.