512 A.2d 39

**COMMONWEALTH of Pennsylvania,**

v.

**Earl WORTHY, Appellant.**

Superior Court of Pennsylvania.

Argued June 9, 1986.

Filed July 17, 1986.

Steven A. Morley, Philadelphia, for appellant.

Elizabeth J. Chambers, Assistant District Attorney, Philadelphia, for Com., appellee.

Before ROWLEY, McEWEN and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment of sentence for direct criminal contempt.[1]  Appellant argues that his conduct at trial did not warrant such a finding, claiming instead that his words and actions were simply a by-product of zealous advocacy.  Because we find no abuse of discretion, we affirm the lower court's ruling.

Appellant, a pro se defendant, was held in contempt on three separate occasions during the second day of his trial regarding allegations of robbery and simple assault.  The first contempt citation resulted from appellant's conduct in refusing to wear civilian clothing, provided by the court, over his prison garb.  The remaining citations resulted from appellant's refusal to follow the court's directions and for

---

1.  42 Pa.C.S.A. Sec. 4131.

being argumentative during the interrogation of witnesses.[2] The trial judge concluded that the three instances produced unnecessary delays which significantly disrupted the proceedings, thereby obstructing the administration of justice in violation of 42 Pa.C.S.A. Sec. 4131(2) and (3).

We find it is essential to the integrity and independence of judicial tribunals that they have the power to enforce their own judgment as to what conduct is compatible with the proper and orderly course of their procedure, *Mack Appeal*, 386 Pa. 251, 126 A.2d 679 (1956), *cert. denied* 352 U.S. 1002, 77 S.Ct. 559, 1 L.Ed.2d 547 (1957), and each court thus becomes the exclusive judge of contempts committed against its process. Accordingly, in considering an appeal from a contempt order, we place great reliance on the discretion of the trial judge. *In re Grand Jury, April Term 1977, Wayne County*, 251 Pa.Super. 43, 379 A.2d 323 (1977).

In the present case, appellant claims that his conduct was a result of zealous advocacy exercised during the course of trial. We have no doubt that enthusiasm is indeed expected of an attorney in representing his client (or, in this case, himself) and that singular remarks, later regrettable, are often a by-product of our adversarial judicial process. For that reason, single lapses in proper courtroom decorum, without more, have been held excusable and do not give rise to findings of contempt. *See Matter of Campolongo*, 495 Pa. 627, 435 A.2d 581 (1981) (single rhetorical question to judge); *Commonwealth v. Rubright*, 489 Pa. 356, 414 A.2d 106 (1980) (single impertinent question to judge).

Alternatively, we also recognize that an attorney is obligated to conduct himself within certain bounds, established by the court for the purpose of insuring a fair adjudication of the issues presented. When conduct exceeds those prescribed bounds, findings of contempt are justified. *See Commonwealth v. Snyder*, 443 Pa. 433, 275 A.2d 312 (1971) (defendant refused to behave in an orderly manner and

2. Appellant received an aggregate sentence of 5 months and 29 days of imprisonment for the three contempt citations.

interrupted the prosecutor's closing argument); *Commonwealth v. Falkenhan,* 306 Pa.Super. 330, 452 A.2d 750 (1982) (defense attorney refused to recognize authority of the court and instructed client to stand mute).

Appellant had been forewarned that although he was proceeding under a pro se defense, he would be held to the same standard of propriety as attorneys, and that he would be held responsible for abiding by the court's rulings and comporting. himself in accordance with established trial procedure. On one occasion, however, after the court directed the appellant to continue questioning a witness instead of belaboring points already established, appellant persisted undeterred, drawing admonishment from the bench and causing delay in the proceedings.[3] Similarly, appellant's initial refusal to don appropriate clothing provided by the court, and his subsequent removal of such cloth-

[3.] During the cross-examination of Michael Sturges, a Commonwealth witness, the following interchange occurred:

The Court: He's answered the question.
Q. I said is it correct, yes or no?
A. He's—
The Court: He's answered the question. Proceed now on to the next point you want to make. He's already answered those questions. Now proceed to the next point.
Q. You said you saw these two people enter the ladies room, is that correct?
The Court: He's answered that question.
Mr. Means: Objection, asked and answered.
Q. Did you see these people enter the ladies room?
The Court: He answered the question. Please proceed to the next question.
Mr. Worthy: I have a right to cross-examine, your honor.
The Court: You've got to follow the directions of the court and do not argue with the Court.
Mr. Worthy: The Court is not affording me a fair trial.
The Court: All right, come to the sidebar, you. Come here.
(Sidebar on the record.)
The Court: You're fined five hundred dollars for talking back to the court and failing to follow the directions of the court. Five hundred dollars, and you've also got 29 days in jail. Now if that happens again, that's going to accumulate some more. I warned you time and time again. Don't smirk at me, act that way in the presence of the court. You will follow my instructions, comprehend?
N.T. 10/15/85, 96–97.

ing during the course of the trial, resulted in further delay and disruption.

Courts have the power to inflict summary contempt citations for the "misbehavior of any person in the presence of the court, thereby obstructing the administration of justice." 42 Pa.C.S.A. Sec. 4131(3). While the "misbehavior" which gives rise to a contempt citation is incapable of precise definition, such a finding will be upheld if the evidence shows, beyond a reasonable doubt: (1) appellant's misconduct in the presence of the court, (2) his intent to obstruct the administration of justice, and (3) actual obstruction. *Commonwealth v. Reid,* 494 Pa. 201, 431 A.2d 218 (1981). In *Commonwealth v. Falkenhan, supra,* we held that a similar claim of "zealous advocacy" necessarily gave way to a finding of contempt. In that case, the contemnor refused to follow the directions of the court in blatant disregard for the court's authority, causing unnecessary delays which interfered with the process of the court. We find the conduct of appellant in the case at bar sufficiently analogous to justify the trial court's ruling and, accordingly, we affirm its judgment.