### In the Interest of Guralnick

*Diane E. Gibbons* and *Lawrence M. Cherba,* district attorneys, for the commonwealth.

*Mark S. Guralnick,* in properia persona.

GARB, *P.J.,* February 6, 1990 — Following a hearing, Mark S. Guralnick, Esq., was found in

contempt of court. A fine of $1,000 was imposed. He has appealed that finding of contempt to the Superior Court.

On October 20, 1989, Guralnick was appointed, by order of this court, to represent Taylor B., a juvenile.[*] That order was transmitted to Guralnick, either on that day or the following day, by first class mail, postage pre-paid to his registered office in this county. It was never returned undelivered.

The juvenile hearing was fixed for Monday, November 6, 1989. The hearing was to be a joint one with the juvenile and another juvenile likewise charged with acts of delinquency arising out of the same occurrence. The public defender was representing the other juvenile. Due notice of the hearing was given to Guralnick.

On the afternoon of Friday, November 3, 1989, Guralnick's paralegal called the juvenile probation officer requesting a continuance. She was advised by that officer that a continuance could not be agreed upon because of the late time of the request. Guralnick's paralegal and Guralnick then spoke with the juvenile probation officer's supervisor, and they received the same answer. Guralnick spoke to the chief deputy district attorney who likewise declined to agree to a continuance. Guralnick's paralegal then called the chambers of the undersigned and was advised by our secretary that a continuance would not be granted. In the course of the conversation with our secretary, Guralnick's paralegal advised that he would not appear on Monday because he was not prepared for the hearing and had not

_____

[*] That appointment was made from a list of attorneys, including Guralnick, who had volunteered to accept such appointments where the juvenile qualifies for the appointment of a public defender, and the public defender petitions the court for conflict counsel alleging a conflict of interest.

met his client, because of another hearing scheduled elsewhere, and finally, because he had to study for his Ph.D. examinations.

On Monday, November 6, 1989, true to his word, Guralnick did not appear. His client and the client's parents were present, as were the other juvenile and his parents. The public defender was present, and the witnesses were present. Due to the fact that Guralnick had failed to appear, the matter was continued. We thereupon entered an order vacating the appointment of Guralnick and appointing another attorney.

On November 8, 1989, we entered a rule upon Guralnick to show cause why he should not be held in contempt of court for his failure to appear on November 6, 1989, as directed. That rule was made returnable on November 17, 1989 at 2 p.m. in courtroom no. 2 of the courthouse. That rule was duly personally served upon Guralnick.

The hearing was held on November 17, 1989. Guralnick presented no testimony. However, evidence was presented by the commonwealth from C. Theodore Fritsch, Esq., chief deputy district attorney; Jack Sillery, juvenile probation officer; Michael Clisham, chief deputy juvenile probation officer; and Anne M. Rogers, judicial secretary. Each of these witnesses testified to the facts heretofore recited. At the close of said hearing, the finding of contempt was made and the fine imposed.

With respect to contempt of court, as most recently amended in the Judicial Code by the Act of December 20, 1982, P.L. 1409, 326, Article II, section 201, 42 Pa.C.S. §4132, the power of the several courts of this commonwealth to issue attachments and to impose summary punishments for contempt of court shall be restricted to the following cases:

"(2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court."

A citation and finding of contempt for an attorney's willful and deliberate failure to appear at a court hearing is appropriate under this Act of Assembly. *Commonwealth v. Marcone,* 487 Pa. 572, 410 A.2d 759 (1980).

It is abundantly clear, however, that before a finding of contempt can be made where an attorney fails to appear as directed for a court proceeding, there must be a showing that his failure was intentional. *Commonwealth v. Washington,* 470 Pa. 199, 368 A.2d 263 (1977); *In the Matter of Ring,* 492 Pa. 407, 424 A.2d 1255 (1980); and *In re Jones,* 307 Pa. Super. 570, 453 A.2 1033 (1982) (attorney late for court proceeding because he overslept).

It is abundantly clear that Guralnick failed to appear consciously, intentionally and willfully. He advised various employees of this court that he intended not to appear for a variety of reasons. He knew that there had been no agreement for a continuance and that none had been granted by the court. Notwithstanding, he intentionally failed to appear and did not deny that at the hearing ultimately held on November 17, 1989. In this respect, this case is indistinguishable from *Commonwealth v. Marcone, supra,* and is controlled by it. The Supreme Court therein held that where it had been established that the appellant had deliberately neglected a scheduled court appearance of which he had sufficient notice, without a legitimate excuse, he was in violation of the predecessor to this same section of the Act of Assembly establishing contempts of court. No excuse was entered at our hearing. In fact, although afforded the opportunity to do so, Guralnick offered no evidence. He clearly

did not establish that his presence was required or that he was, in fact, appearing in some other court.

We have no difficulty in finding the requisite intent in this case. However, it is worthy of note that our appellate courts have now established that direct intent is not necessary where a reckless disregard for the directions of the court can be established. See *Medve v. Walakovits,* 305 Pa. Super. 75, 451 A.2d 249 (1982), and *Appeal of Arthur Henry James,* 323 Pa. Super. 149, 470 A.2d 174 (1984). In each of those cases, the appellants did not fail to appear but rather merely appeared late. In each case, the finding of contempt was sustained by the Superior Court on the grounds that a reckless disregard for the orders of the court was established. That was held to be tantamount to an intentional contumacious act.

The foregoing explains the reason for our finding of contempt.