J-A26002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| W.R.M., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| W.M.M., | |
| APPEAL OF: N. CHRISTOPHER MENGES, ESQUIRE, | |
| Appellant | No. 558 MDA 2014 |

Appeal from the Order Entered March 5, 2014
In the Court of Common Pleas of York County
Civil Division at No(s): 2013-FC-002222-03

BEFORE: BOWES, MUNDY, and JENKINS, JJ.

MEMORANDUM BY BOWES, J.: **FILED NOVEMBER 19, 2014**

N.C.M., the attorney for the father in this custody dispute, appeals from the March 5, 2014 order finding him in criminal contempt of a January 10, 2014 order. After careful review, we vacate the March 5, 2014 order.

The pertinent facts are not in dispute. The present action is a custody matter and was scheduled for a pre-trial conference in an order that read as follows:

> AND NOW, this 10th day of January, 2014, upon the request of Conciliator, **IT IS HEREBY ORDERED** that a pre-trial conference shall be held in this matter on **March 4, 2014 at 9:30 a.m. in Courtroom 10, 7th Floor** of the York County Judicial Center, 45 North George Street, York, Pennsylvania,

> 17401.  **Counsel and each of the parties are directed to be present at that date and time**.
>
> A pre-trial memorandum shall be prepared by each party and filed in the **office of the PROTHONOTARY <u>with a courtesy copy to be served on the Chambers of the undersigned</u> not later than one (1) week prior to the time scheduled for the pre-trial conference.  The Prothonotary will not accept facsimile transmissions of any memorandum**.  The memorandum shall include the information and shall be in substantially in the form as the sample enclosed with this Order.

Order for Pre-Trial Custody Conference, 1/10/14, at 1 (emphasis in original). The order also directed the parties to file parenting plans with the pre-trial memoranda.

In a letter received by the trial court on February 26, 2014, Mother's counsel informed the court that the parties had reached an oral agreement, and that she had mailed a copy of the written accord, which had been signed by Mother, to Appellant.  Appellant mailed it to his client, but had not yet received it back.

Since Appellant had not yet received the agreement executed by Father, the pre-trial conference was held as scheduled.  Another attorney from Appellant's law firm appeared at the appointed time and date.  The attorney informed the trial court that the matter was settled.  The trial court demanded that Appellant attend the conference, and Appellant appeared at 9:53 a.m., twenty-three minutes after the conference was scheduled.  At that time, Appellant was adjudicated in contempt of court and fined.  The court justified its contempt finding on the record as follows:

The court finds itself confronted with a circumstance where it is unable to conclude the matter scheduled before it. The Court finds that had timely and attentive action been taken, not only would this proceeding have been unnecessary, the failure to follow the Court's directives on filings and the timing of filings would have been moot, for lack of a better word.

Now while it may be true the Court could not have recaptured the time reserved for this and the Court had no opportunity to attempt to place something else in this time schedule, there is no question that [mother's attorney] did work that, in hindsight, was unnecessary but prudent because she complied with the Court's order and her client shouldn't bear the costs for that. [Mother] lost eight hours of work today that obviously is unnecessary, and she should not have to bear that expense.

While we accept [Appellant's] apology, **we do not believe that he willfully disrespected the Court's order**. The sad fact is that he did disregard the Court's order and did so expecting something to happen that has not happened, and thus we are sitting here unable to conclude this case. At the time we may have anticipated concluding the case based on [mother's attorney's] heads-up letter of February 25th.

* * *

**ORDER**

Having found [Appellant] in contempt of Court, we impose the sanction of $917 to be paid within 30 days to [Mother's attorney who] will distribute the money for [Mother's] loss of work.

N.T., 3/[4]/14, at (unnumbered pages) 2-3 (emphasis added). The settlement agreement was filed the following day.

Appellant filed the present appeal from the contempt order. In his timely-filed Pa.R.A.P. 1925(b) statement, Appellant complained that he was never apprised of whether he was found in civil contempt, direct criminal

contempt, or indirect criminal contempt. He further observed that the trial court's express finding that he did not willfully disrespect the January 10, 2014 order precluded a finding that he was in contempt of court. Appellant also pointed out that there was no clear indication of precisely what action or inaction on his part resulted in the contempt finding.

On appeal, Appellant raises these issues:

1.  Did the trial court commit reversible error by failing to specify the type of contempt in its original Order?

2.  Did Appellant's actions show sufficient intent to justify a finding of criminal contempt?

3.  Was Appellant given sufficient notice of the accusation of criminal contempt against him to satisfy Due Process requirements?

4.  Did the trial court error by finding Appellant in direct criminal contempt?

5.  Were the sanctions imposed by the trial court appropriate to its finding of criminal contempt?

Appellant's brief at 3-4.[1]

After the appeal was filed, the trial court clarified that it found Appellant in direct and indirect criminal contempt.[2] Trial Court Opinion,

---

[1] Mother did not file a brief.

[2] Direct contempt pertains to conduct that transpires in the court's presence, whereas indirect criminal contempt consists of a claim that the violation of the court order occurred outside of its presence. **Commonwealth v. Moody**, 46 A.3d 765, 771 (Pa.Super. 2012). When contempt is found in a summary manner, without advance notice, it must be
*(Footnote Continued Next Page)*

4/30/14, at (unnumbered page) 6 (Appellant's conduct constituted "both direct and indirect criminal contempt."). The court also indicated that it premised its contempt finding upon a violation of 42 Pa.C.S. § 4132(2). *Id*. at 4.

Initially, we observe that the "[u]se of the court's summary contempt power is reviewed under an abuse of discretion standard." *Commonwealth v. Moody*, 46 A.3d 765, 771 (Pa.Super. 2012). The trial court's power to impose contempt in this case derived from 42 Pa.C.S. § 4132, which states:

> The power of the several courts of this Commonwealth to issue attachments and to impose summary punishments for contempts of court shall be restricted to the following cases:
>
> (1)     The official misconduct of the officers of such courts respectively.
>
> (2)     Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.
>
> (3)     The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

If a court finds a person in contempt under § 4132, it is considered criminal rather than civil contempt. *Stewart v. Foxworth*, 65 A.3d 468 (Pa.Super. 2013). As noted, the contempt finding was premised upon

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

committed in the court's presence. *Id*. Since the contempt at issue herein was summarily imposed, we consider it direct criminal contempt.

§ 4132(2). Contempt under § 4132(2) can be sustained only if the following four elements are present:

> (1) The court's order or decree must be definite, clear, specific and leave no doubt or uncertainty in the mind of the person to whom it was addressed of the conduct prohibited;
>
> (2) The contemnor must have had notice of the specific order or decree;
>
> (3) The act constituting the violation must have been volitional; and
>
> (4) The contemnor must have acted with wrongful intent.
>
> Further, unless the evidence establishes an intentional disobedience or an intentional neglect of the lawful process of the court, no contempt has been proven. Moreover, a conviction for criminal contempt requires proof beyond a reasonable doubt.

*Commonwealth v. Kolansky*, 800 A.2d 937, 940 (Pa.Super. 2002) (quotation, quotation marks, and citations omitted).

> This Court has held that "a degree of intentional wrongdoing is an ingredient of the offense of criminal contempt. Willfulness is, of course, an element of a criminal contempt and must be proved beyond a reasonable doubt." *In the Matter of James*, 307 Pa.Super. 570, 453 A.2d 1033, 1034 (1982) (quotations and quotation marks omitted).

*In re C.W.*, 960 A.2d 458, 467 (Pa.Super. 2008).

We conclude that the record does not support a finding that Appellant was in criminal contempt. Initially, we note that the trial court's explanation for its action herein, as articulated in its Pa.R.A.P. 1925(a) statement, is inconsistent with the rationale for the contempt finding proffered on March

4, 2014. As noted, on March 4, 2014, the contempt finding was premised solely upon the fact that Appellant had failed to file the settlement documents prior to the pre-trial conference. The court was upset due to the fact that it had to hold the pre-trial conference, and that the lawyer who appeared for Father did not have the settlement documents when he arrived. It additionally made a factual finding that Appellant did not engage in willful misconduct.

However, the March 4, 2014 record cannot sustain a finding of contempt against Appellant. First, there was no order in place requiring Appellant to file settlement documents before the pre-trial conference. Thus, no order was violated based upon the action that incurred the court's wrath. Additionally, under the pertinent law outlined above, the court's March 4, 2014 express finding that Appellant did not act with wrongful intent precludes a finding of contempt.

In its Pa.R.A.P. 1925(a) opinion, the court insists that Appellant's "failure to comply with a clear and unambiguous direct Order is beyond question." *Id*. at 5. However, the trial court simply did not delineate to any degree of clarity exactly what conduct that it found contemptuous. It mentions, at various points in its opinion, these actions: 1) Appellant's failure to appear at the conference; 2) Appellant's late appearance at the conference; 3) the fact that Appellant did not file a pre-trial memorandum

and parenting plan;[3] and 4) Appellant's neglect to obtain his client's signature on the settlement agreement before the pre-trial conference so that the proceeding could be canceled.

We look at these actions individually. First, we categorically reject the trial court's indication that Appellant did not appear at the pre-trial conference. He sent another lawyer who worked for his law firm, and that lawyer appeared at 9:30 a.m. on the day in question. We simply cannot support a finding that a lawyer can be found to have violated an order to appear at a proceeding when he sends a substitute lawyer from his own law firm to the proceeding. Additionally, the lawyer in question had the pertinent facts within his knowledge, which was that his client had assented to the settlement. Moreover, Appellant immediately appeared at the proceeding when summoned. Therefore, he was not tardy for the proceeding in question, and we reject tardiness as a proper basis for a finding of contempt.

The only portion of the January 10, 2014 order that Appellant violated was that he did not file the pre-trial memorandum and parenting plan. However, this omission, as a matter of law, cannot be considered either volitional or performed with wrongful intent. As the court plainly outlined on

_____

[3] While the trial court points out that Mother's counsel did file the documents in question, albeit in an untimely manner, we do not view the actions of Mother's counsel as pertinent herein. It is Appellant's actions that are relevant since he was found in contempt.

the record on March 4, 2014, the matter was settled and the necessity to file those documents was moot.

A review of the initial contempt finding and the Pa.R.A.P. 1925(a) opinion reveals the true crux of the trial court's displeasure. Its tirade against Appellant and its contempt finding is premised solely upon the fact that the settlement documents were not filed before the pre-trial conference. On the record at the March 4, 2014 proceeding, the trial court was solely displeased by the fact that it had to conduct the conference. It was angry because it supposedly could not conclude this matter, even though it could have been concluded since there was a settlement agreement. The court also complained that, if Appellant had obtained the agreement, the proceeding would have been unnecessary. However, if the court had accepted Appellant's truthful representation about the state of this action, the court would only have had to spend a few minutes at the pre-trial conference.

Likewise, in its Pa.R.A.P. 1925(a) statement, the court said: "Receiving no settlement documents, the Court convened its Pre-Trial Conference as scheduled. [Appellant] did not appear but sent an associate to inform the Court the case was settled. However, no settlement documents were in hand nor was the client present." Trial Court Opinion, 4/30/14, at (unnumbered page) 2. The trial court continued:

> We additionally have the circumstance where counsel, knowing of the scheduled Pre-Trial Conference, had approximately 2

weeks to effect his client's signing of the settlement documents and did not timely do so, while sending an associate to then report a settlement with no documents in hand. This is most certainly a reckless disregard for the procedures in place for the orderly and timely processing of custody cases as well as the Court's time not only reserved for counsel's case, but the Court's preparation time as well.

*Id*. at 5.

Initially, we stress again that if the trial court had merely accepted Appellant's associate's truthful representation that a settlement had occurred, the court would have spent a paltry five minutes on this matter. Secondarily, the fact remains that there was no order requiring Appellant to have a settlement agreement filed before the pre-trial conference occurred. Thus, Appellant's failure to have the executed settlement documents on the record before the pre-trial conference cannot be the basis for a contempt finding as there was no order in place mandating that Appellant perform that action.

We also observe that there is another flaw in the court's decision since on the record the court acknowledged that Appellant did not engage in willful misconduct. Although the court backtracked on this finding in its Pa.R.A.P. 1925(a) opinion, stating "I must conclude that I misspoke in negating counsel's willful disrespect as transcribed by the court reporter," *id*. at 6, we conclude that the record fails to support this revised position. Appellant sent an associate to the pre-trial conference on time to correctly report that the parties had settled. Appellant personally appeared immediately after being

- 10 -

summoned. His failure to file the pre-trial memorandum and parenting plan was excusable as those documents were unnecessary in light of the settlement. Hence, the order in question does not conform to the law.

Order vacated. Case remanded. Jurisdiction relinquished.

Judge Jenkins files a Concurring Memorandum.

Judge Mundy Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2014