J-A26034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| B.J. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| D.M. | : | |
| | : | |
| v. | : | |
| | : | |
| J.L. & I.L. | : | No. 565 MDA 2017 |
| | | |
| Appellants/Intervenors | | |

Appeal from the Order Entered March 21, 2017
In the Court of Common Pleas of Wyoming County Civil Division at No(s):
2015-648

BEFORE:  BOWES, J., OLSON, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                **FILED NOVEMBER 16, 2017**

Appellants/Intervenors, J.L. and I.L. ("Grandparents"), appeal from the order entered March 21, 2017, granting the motion for contempt filed by Appellee, B.J., and further ordering that Grandparents could purge their contempt by paying all legal fees incurred by Appellee pertaining to his petition for contempt and a petition for removal of the guardian *ad litem* ("GAL").  We reverse.

The record reveals that Appellee commenced this underlying custody action in June 2015, seeking primary physical and sole legal custody of his step-daughter, K.M. ("Child"), born in February 2001.  **See** Complaint for

Primary Custody Pursuant to 23 Pa.C.S.A. § 5324. Child's mother passed away in June of 2015, and Child had little or no contact with, D.M., her biological father. *Id.* In June 2015, Child's maternal grandparents filed a petition to intervene. *See* Petition to Intervene in the Custody Action.

Following a hearing in June 2015, temporary physical and legal custody were given to Appellee; D.M. was given liberal visitation; and Grandparents were given temporary custody two days per week and visitation as agreed upon by the parties. *See* Order, 6/25/15. In April of 2016, Grandparents were given temporary physical custody of Child and joint legal custody along with D.M. *See* Order, 4/21/16. The court further ordered that Grandparents were to provided Appellee with information regarding Child's health, welfare, education, and extra-curricular activities as they deemed appropriate. *Id.* Appellee was not given visitation rights.

In September 2016, Appellee filed an Emergency Petition for Special Relief seeking to have Child returned to Pennsylvania and for the court to hold Grandparents in contempt for failing to follow the court's orders and not notifying parties of Child's relocation to Oregon.[1] *See* Motion, 9/6/16. Grandparents then filed a Motion to remove the GAL, alleging that GAL was not acting in the child's best interest and had not contacted Child in five months. *See* Motion, 9/26/16. In November 2016, GAL filed a memorandum

---

[1] We note, that although D.M. agreed to Child's relocation, Appellee did not include natural father in its petition and thus, D.M. was not held in contempt and is merely a party in the underlying custody action.

requesting a contempt hearing due to Grandparents' lack of cooperation and asked that the court order that Child be returned to Pennsylvania. Hearings were held on Appellee's motions and GAL's memorandum on November 29, 2016, and on February 28, 2017. Following the hearings, the court issued an order permitting GAL to withdraw upon appointment of a new GAL. *See* Order, 3/1/17. Subsequently, the court found Grandparents in contempt for allowing Child to move to the state of Oregon without notification and approval of the court or GAL and for not informing the court or GAL of Child's visit during the 2016 Christmas holiday. *See* Order, 3/3/17; *see also* Amended Order, 3/21/17.

In April 2017, Grandparents filed a motion for reconsideration that was denied by the trial court. Grandparents timely filed a notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

On appeal, Grandparents raise the following issues for our review:

I. Whether, where there was no specific court order, the lower court's finding of [Grandparents] in contempt was against the weight and sufficiency of the evidence.

II. Whether, where the [Grandparents] acted without wrongful intent, the lower court's finding of [Grandparents] in contempt was against the weight and sufficiency of the evidence.

Appellant's Brief at 7.

Grandparents contend that the trial court abused its discretion, as they are not in violation of a specific court order prohibiting relocation. Further,

Grandparents assert that any ambiguity in the court's directive regarding where Child should attend school must be resolved in their favor. Thus, according to Grandparents they may not be held in contempt. Appellant's Brief at 10, 12-15. Following a review of the record, we agree.

This Court has explained our standard of review for a civil contempt order as follows:

> When considering an appeal from an Order holding a party in contempt for failure to comply with a court Order, our scope of review is narrow: we will reverse only upon a showing the court abused its discretion. The court abuses its discretion if it misapplies the law or exercises it discretion in a manner lacking reason.

***Harcar v. Harcar*** 982 A.2d 1230 (Pa. Super. 2009).

> Furthermore,

> To be punished for contempt, a party must not only have violated a court order, but that order must have been "definite, clear, and specific-leaving no doubt or uncertainty in the mind of the contemnor of the prohibited conduct."

>> Because the order forming the basis for civil contempt must be strictly construed, any ambiguities or omissions in the order must be construed in favor of the defendant. In such cases, a contradictory order or an order whose **specific terms** have not been violated will not serve as the basis for a finding of contempt.

> To sustain a finding of civil contempt, the complainant must prove [by a preponderance of the evidence] certain distinct elements: (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent. A person may not be held in contempt of court for failing to obey an order that is too vague or that cannot be enforced.

*Lachat v. Hinchcliffe*, 769 A.2d 481, 488-489 (Pa. Super. 2001) (emphasis in original).[2]

Here, the trial court acknowledged that there is not a court order directing that Child remain in Pennsylvania. Trial Court Opinion, 6/15/17, at 3. Nevertheless, the court suggests that Grandparents violated its directive that Child was to attend Holy Cross High School for the 2016-2017 school year. *Id.* The trial court fails to identify where in the record this directive was made, and our review discloses no directive. To the contrary, the only court order pertaining to Child's school attendance was for the 2015-2016 school year. *See* Order, 9/29/15. Grandparents moved Child during the summer of 2016, and thereafter, Child was enrolled in school in Oregon for the 2016-2017 school year. While it may have been the court's intent that the child attend Holy Cross High School for the 2016-2107 academic year, this intent was not prescribed in a court order. The resulting ambiguity must be resolved in Grandparents' favor. *Lachat*, 759 A.2d at 489. Thus, the first

---

[2] In limited circumstances, this Court has affirmed a contempt finding when there is not a formal order entered into the docket. *See, e.g.*, *In re Contempt of Cullen*, 849 A.2d 1207 (Pa. Super. 2004) (indicating that a personal phone call by the court and a hand-delivered letter specifying the date and time to appear at a hearing constitutes an "order"); *In re James*, 470 A.2d 174 (Pa. Super. 1984) (indicating that an-over-the phone agreement to appear in court at a certain time constitutes an "order"); *Commonwealth v. Worthy*, 512 A.2d 39 (Pa. Super. 1986) (indicating that judge's direction at trial to continue questioning a witness instead of belaboring points already established constitutes an "order"). These cases are inapposite.

element for a finding of contempt is not met, as Grandparents did not have notice of a specific order that they allegedly violated. ***Id.***

As this conclusion is dispositive, we need not address the merits of Grandparents' second issue.[3]  Accordingly, we reverse.

Order reversed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2017

---

[3] Appellee suggests that Grandparents' failure to notify him or the court of Child's relocation suggests wrongful intent.  As Appellee does not have custody rights, he is not entitled to notice.  ***See*** 23 Pa.C.S. § 5337(c).  Nevertheless, Grandparents were required to confirm relocation with the court.  23 Pa.C.S.§ 5337(e).  Grandparents' failure to notify the court is troublesome.  However, in accordance with the statute, we note that all parties with custody rights agreed to Child's relocation.  23 Pa.C.S. § 5337(b)(1).