# LeClair v. LeClair

*Susan M. Papa,* for plaintiff.
*William M. Panella,* for defendant.

PICCIONE, *J.,* July 15, 2010—Before this court for disposition is defendant's petition for contempt in which defendant argues that plaintiff willfully and intentionally disobeyed an order of court. This action arises out of divorce proceedings between Paul Michael LeClair (Husband) and Susan L. LeClair (Wife). Husband initiated the divorce proceedings on May 19, 2009 by filing a complaint in divorce. Wife did not object to the request for a divorce but did submit claims for alimony, alimony pendente lite, interim counsel fees, costs, and expenses, which Husband disputed.

On January 8, 2010, Husband filed a petition for bifurcation and appointment of master, requesting that the court bifurcate the case, grant the divorce, and appoint a master to resolve all other pending issues. In an order dated February 10, 2010, the Honorable John W. Hodge granted Husband's request to bifurcate the case and appointed a master to resolve the economic issues. The order also contained the following paragraphs which are especially pertinent to the matter currently before the court:

"(1) The plaintiff [Husband] agrees to continue to pay to the defendant [Wife] the sum of $1,000 per month, as

alimony pendente lite, pending further order of court or written agreement of the parties. . . .

"(8) Until final economic resolution, each party is hereby enjoined and restrained from alienating, assigning, concealing, conveying, dissipating, encumbering, hypothecating, pledging, secreting, transferring or otherwise disposing of any of the marital property of the parties." *LeClair v. LeClair,* no. 10841 of 2009, C.A. (C.P. Lawrence February 10, 2010).

On March 29, 2010, Wife filed the instant petition for contempt, claiming that Husband has failed to pay Wife $1,000 per month in alimony pendente lite as required by the order of court. Wife avers that Husband instead used the funds to make two mortgage payments on the marital home. She requests that the court find Husband in contempt and order him to pay $500 in counsel fees. Since the filing of the petition, Husband has not sent any of the monthly payments to Wife but has used the monies to pay the home mortgage and other of the parties' debts. The court held a hearing on this matter on June 1, 2010.

To hold a party in contempt, "a party must have violated a court order, and the complaining party must satisfy that burden by a preponderance of the evidence." *Harcar v. Harcar,* 982 A.2d 1230, 1234 (Pa. Super. 2009). The mere showing of noncompliance with a court order, however, "is never sufficient, alone, to prove contempt." *Bold v. Bold,* 939 A.2d 892, 895 (Pa. Super. 2007). Rather, the complaining party must prove the following three distinct elements: "(1) that the contemnor had notice of the specific order or decree which is alleged to

have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent." *Stahl v. Redcay,* 897 A.2d 478, 489 (Pa. Super. 2006). Further, the order at issue must have been *"definite, clear, and specific*—leaving no doubt or uncertainty in the mind of the contemnor of the prohibited conduct." *Marian Shop Inc. v. Baird,* 448 Pa. Super. 52, 56, 670 A.2d 671, 673 (1996). (emphasis in original) The order must be strictly construed, and any ambiguities in the order must be read in favor of the contemnor. *In re Contempt of Cullen,* 849 A.2d 1207, 1210 (Pa. Super. 2004).

In the case sub judice, it appears that Husband failed to comply with one of the terms of the February 10, 2010 order of court. The order states that Husband agreed to pay $1,000 per month to Wife as alimony pendente lite, and Husband admitted during the contempt hearing that he ceased making payments to Wife on March 5, 2010. N.T., 6/1/10, at 31-32. Therefore, the court finds that Husband violated the February 10, 2010 order of court.

Proof that Husband violated a court order is not, itself, sufficient to justify holding him in contempt. Wife must also demonstrate that Husband had notice of the February 10, 2010 order and that his violation was volitional. Husband does not dispute that he received notice of the order, and he admitted during the hearing that his attorney sent him a copy of the order. *Id.* at 31. Husband also acknowledges that he chose to make mortgage payments on the marital home rather than send $1,000 per month to Wife. As a result, Wife satisfied her burden of showing that Husband received notice and that the violation was volitional.

Wife must also demonstrate that Husband acted with wrongful intent in violating the order if the court is to grant Wife's petition, Husband testified that, since January of 2009, he consistently sent Wife $1,000 per month so that Wife could make payments on the mortgage, home equity loan, and their daughter's student loan. *Id.* at 23-25. He indicated that this arrangement was based on an agreement with Wife, who also acknowledged the existence of such an agreement. *Id.* at 10, 23, Husband testified that he understood the February 10, 2010 order as a continuation of the parties' agreement that Wife would use Husband's payments to pay for the mortgage, home equity loan, and student loan. *Id.* at 25. Husband continued to make payments to Wife until March of 2010, when he learned that Wife vacated the marital residence and had failed to make a mortgage payment since January of 2010. *Id.* at 25-26. After attempting to contact Wife, Husband received an e-mail from Wife on March 3, 2010 indicating that Wife wanted to keep the marital home. *Id.* at 11. As a result, Husband began using the $1,000 payments mandated by the order of court to pay the mortgage. *Id.* at 26. Husband continued this practice until Wife filed the instant petition. *Id.* at 41.

Based on a review of the record and the testimony presented at the contempt hearing, the court finds that Husband did not act with wrongful intent in violating the February 10, 2010 order of court. By directing the $1,000 monthly payments toward the mortgage bills and other of the parties' debts, Husband merely sought to continue the agreement he had with Wife. In fact, by making the required mortgage payments, Husband may have been attempting to comply with paragraph 8 of the order pro-

hibiting the dissipation of martial property. He did not consider his actions to be inconsistent with the February 10, 2010 order, and, in light of the parties' long-standing agreement, the court does not regard Husband's interpretation of the order as unreasonable. As stated above, an order of court must be clear enough to leave no uncertainty as to the prohibited conduct, and any ambiguities must be resolved in favor of the contemnor. *Marian Shop Inc.,* 670 A.2d at 673; *Cullen,* 849 A.2d at 1211. Because the court finds that Husband did not intend to violate the February 10, 2010 order of court, Wife's petition for contempt is denied. Likewise, Wife's request for counsel fees in connection with this petition is also denied.

Although the court denies Wife's petition, the court finds that the February 10, 2010 order directs Husband to pay $1,000 to defendant as alimony pendente lite and does not authorize payments of mortgage bills or other of the parties' debts as a substitute. Therefore, beginning August 1, 2010, Husband must pay Wife $1,000 per month, as alimony pendente lite, pending further order of court or written agreement of the parties. Husband is prohibited from using the $1,000 monthly payments for any purpose other than alimony pendente lite paid to Wife. Husband and Wife are permitted to determine who should bear the cost of the mortgage, home equity loan, and student loan until the equitable distribution hearing.

## ORDER

And now, July 15, 2010, the court having held a hearing on June 1, 2010 regarding defendant's petition for

contempt, with Susan M. Papa, Esquire, appearing and representing the plaintiff (Husband), and William M. Panetta, Esquire, appearing and representing the defendant (Wife), the court finds and it is hereby ordered and decreed as follows:

(1) The Wife's petition for contempt is hereby denied pursuant to the attached opinion.

(2) As of August 1, 2010, the Husband must pay directly to the Wife the sum of $1,000 per month, as alimony pendente lite, pending further order of court or written agreement of the parties.

(3) The Husband is prohibited from directing the monthly payments toward any other cost, including but not limited to mortgage, home equity loan, and student loan bills.

(4) The court offers no opinion or recommendation concerning which party should bear the costs of the mortgage, home equity loan, and student loan as of August 1, 2010. The parties are free to decide how these costs will be allocated between them pending the equitable distribution hearing.

(5) The Wife's petition for contempt and request for a hearing presented on July 13, 2010 is denied.

(6) The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.