J-S57043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| W. W. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| M.S. – W. | |
| Appellee | No. 1044 EDA 2014 |

Appeal from the Order Entered March 5, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 1310V7081

BEFORE:  DONOHUE, MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 13, 2014**

Appellant, W.W.,[1] appeals *pro se* from the trial court's March 5, 2014 order denying Appellant's petition for contempt.  Appellant alleged Appellee, M.S.-W., repeatedly violated the trial court's final order entered pursuant to the Protection From Abuse Act, 23 Pa.C.S.A. § 6101, *et seq.*  We affirm.

Appellant commenced this litigation with a Protection From Abuse ("PFA") petition he filed against Appellee on October 9, 2013.  Appellee filed a PFA petition against Appellant on October 17, 2013.  On November 5, 2013, the parties appeared at a hearing before Judge Ida K. Chen and

_____

[1]  In a prior appeal, at number 987 EDA 2013, this Court redacted the parties' names.  ***See infra*** at footnote four.  For consistency, we have done the same here.

consented to entry of a mutual stay-away order to be effective for one year. Also on November 5, 2013, the trial court devised a temporary custody order to govern the parties in their ongoing dispute over the custody of their minor child.[2]

On January 23, 2014, Appellant filed a petition to hold Appellee in contempt of the PFA order, alleging Appellee violated a no contact provision in the order. Appellant filed a second petition to hold Appellee in contempt of the PFA order on January 31, 2014. On March 5, 2014, Judge Maria McLaughlin conducted a hearing, at the conclusion of which she declined to hold Appellee in contempt but ordered make-up custody time for Appellant. N.T. Hearing, 3/5/14, at 29-31. Appellant filed this timely *pro se* appeal on April 1, 2014. He raises two issues for our review:

> Did the trial court erred [sic] when during Appellant's Petition for Contempt [. . .] and without a petition for modification of custody filed or pending, unilaterally and without a petition for modification of custody filed or pending, unilaterally and illegally modified the custody provisions contained in the original mutual Protection From Abuse Orders agreed to by the parties and entered as an Order of Court?

> Did the trial court erred [sic] when it failed to find Appellee in contempt for violating the mutual Protection From Abuse Order agreed to by the parties and entered as an Order of Court?

_____

[2] *See* 23 Pa.C.S.A. § 6108(a)(4) (permitting the trial court to create temporary custody arrangement as part of a PFA order).

J-S57043-14

Appellant's *pro se* Brief at 8.[3]

Appellant's first issue is not properly before this court. "Generally, a custody order will be considered final and appealable only if it is both: (1) entered after the court has completed its hearings on the merits; and (2) intended by the court to constitute a complete resolution of the custody claims pending between the parties." ***Wagner v. Wagner***, 887 A.2d 282, 285 (Pa. Super. 2005). The parties' custody battle is ongoing, and the trial court planned additional hearings shortly after the March 5 PFA contempt hearing. The record reflects the trial court conducted an expedited hearing on the custody dispute on March 12, 2014, only one week after the order presently on appeal. At the conclusion of that hearing, the trial court issued an interim custody order pending a full hearing to be held July 30, 2014.[4] Since the trial court has not completed its hearings on the pending custody dispute, and since the order on appeal plainly does not constitute a complete resolution of the parties' custody claims, we decline to address Appellant's first assertion of error.

_____

[3] Appellee has not filed a brief with this Court.

[4] By order of May 9, 2014, this Court quashed Appellant's appeal from the trial court's March 12, 2014 order because that order was not final and appealable. ***W.W. v. M.S.-W.***, 987 EDA 2013 (*per curiam* order, May 9, 2014). We note that the appendix to Appellant's *pro se* brief erroneously includes the trial court opinion pertaining to the March 12, 2014 order.

- 3 -

J-S57043-14

In his second assertion of error, Appellant claims the trial court erred in not finding Appellee in contempt of the March 5, 2014 PFA order. [5] Section 6114.1 of the PFA Act permits a plaintiff to file a petition for civil contempt with the court that issued the PFA order. 23 Pa.C.S.A. § 6114.1. Appellant has done so here.

> In proceedings for civil contempt of court, the general rule is that the burden of proof rests with the complaining party to demonstrate, by preponderance of the evidence, that the defendant is in noncompliance with a court order. However, a mere showing of noncompliance with a court order, or even misconduct, is never sufficient alone to prove civil contempt.
>
> To be punished for contempt, a party must not only have violated a court order, but that order must have been "definite, clear, and specific-leaving no doubt or uncertainty in the mind of the contemnor of the prohibited conduct. Because the order forming the basis for civil contempt must be strictly construed, any ambiguities or omissions in the order must be construed in favor of the defendant. In such cases, a contradictory order or an order whose specific terms have not been violated will not serve as the basis for a finding of contempt. To sustain a finding of civil contempt, the complainant must prove certain distinct elements: (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent. A person may not be held in contempt of court for failing to obey an order that is too vague or that cannot be enforced.

_____

[5] An order declining to hold a party in contempt is appealable where the contempt relates to a prior final order. *Schultz v. Schultz*, 70 A.3d 826, 828 (Pa. Super. 2013). Since the alleged contempt relates to the final PFA order entered March 5, 2014, we will address the merits of Appellant's argument.

- 4 -

*In re Cullen*, 849 A.2d 1207, 1210-11 (Pa. Super. 2004). We review the trial court's decision for an abuse of discretion. *Id.* at 1210.

Appellant claims the trial court erred because Appellee repeatedly contacted him in violation of the no contact provision in the November 5, 2013 PFA order. Appellee, through counsel conceded at the hearing that she contacted Appellant regarding custody exchanges of the parties' minor child. N.T. Hearing, 3/5/14, at 7. Appellee believed she was free to do so because, on the written PFA order, the trial court left the "no contact" box unchecked. *Id.* at 6. Appellant argues the PFA order was clear, definite, and specific in ordering no contact despite the unchecked box, because language elsewhere in the PFA order prohibited contact between the parties. Appellant also asserts the box was erroneously left unchecked.[6]

The trial court concluded reasonable minds could differ as to whether the PFA order prohibited contact, and therefore declined to hold Appellee in contempt. We agree with the trial court's assessment. The text next to the unchecked box reads as follows: "Except as provided in paragraph 5 of this order, [M.S.-W.] shall not contact [W.W.] by telephone or by other means, including through third persons." PFA Order, November 5, 2013. Paragraph

---

[6] Though the transcript is less than clear on the subject, the parties seem to reference subsequent corrections to the PFA order. N.T. Hearing, 11/5/13, at 10. They did not, however, have signed copies of it at the hearing. *Id.* We have confined our analysis to the order of record that was the basis for the trial court's decision to deny Appellant's contempt petition.

5 of the order details the parties' custody arrangement regarding their minor child.[7]

Under these circumstances, we believe the trial court acted within its discretion in determining that Appellee's conduct did not amount to an intentional violation of a definite, clear, and specific court order. Furthermore, it appears Appellee could reasonably believe contact was permissible regarding custody exchanges even if the disputed box was checked. We find no error in the trial court's decision.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2014

---

[7] The record reflects that the parties made custody exchanges at a police station in Ardmore, Pennsylvania. N.T. Hearing, 11/5/13, at 10.