J-S40015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| S.S., | | IN THE SUPERIOR COURT |
|---|---|---|
| | Appellant | OF PENNSYLVANIA |
| | v. | |
| A.B., | | |
| | Appellee | No. 423 WDA 2019 |

Appeal from the Order Entered February 20, 2019
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s):  96 OF 2014-D

BEFORE:  BENDER, P.J.E., MCLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED AUGUST 30, 2019**

S.S. (Father) appeals *pro se* from the order entered on February 20, 2019, wherein the trial court dismissed Father's contempt petition directed at A.B. (Mother), finding that Mother was not in contempt of a prior order of court that concerned the custody of the parties' child, born in September of 2011.  After review, we affirm.

Father raises the following issue for our review:

> Was the [l]ower [c]ourt in error when it state[d] that [Mother] did not violate the [c]ourt's [o]rder by moving without notice when the record and testimony clearly states that she did, and in doing so, cut off all forms of communications between [Father] and his family with his child?

_____

[*] Retired Senior Judge assigned to the Superior Court.

Father's brief at 4. In conjunction with his stated issue, Father argues that the court incorrectly determined that Mother's move within the same apartment complex was not a relocation as defined in 23 Pa.C.S. § 5322. Father further asserts that the court erroneously stripped him of his custody rights without notice and a modification hearing, thus, eliminating any contact between him and his child to which he is entitled. Father lastly argues that the court erred by not granting his request to allow paternal grandmother to be given intervenor status in the case.

In reviewing an appeal from an order issued in response to a contempt petition, we note that the purpose of civil contempt is remedial, and sanctions are used to coerce the respondent into compliance with a valid court order. *See In re Contempt of Cullen*, 849 A.2d 1207, 1210 (Pa. Super. 2004).

> On appeal from an order holding a party in contempt of court, our scope of review is very narrow, and we place great reliance on the court's discretion. *Garr v. Peters*, 773 A.2d 183, 189 (Pa. Super. 2001). "The court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason." *Harcar v. Harcar*, 982 A.2d 1230, 1234 (Pa. Super. 2009). "Each court is the exclusive judge of contempts against its process. The contempt power is essential to the preservation of the court's authority and prevents the administration of justice from falling into disrepute." *Habian v. Habian*, 73 A.3d 630, 637 (Pa. Super. 2013). Absent an error of law or an abuse of discretion, we will not disrupt a finding of civil contempt if the record supports the court's findings. *Mrozek v. James*, 780 A.2d 670, 673 (Pa. Super. 2001).
>
> "In proceedings for civil contempt of court, the general rule is that the burden of proof rests with the complaining party to demonstrate that the defendant is in noncompliance with a court order." *MacDougall v. MacDougall*, 49 A.3d 890, 892 (Pa. Super. 2012). "To sustain a finding of civil contempt, the

complainant must prove, by a preponderance of the evidence, that: (1) the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) the act constituting the contemnor's violation was volitional; and (3) the contemnor acted with wrongful intent." ***Id.*** Nevertheless, "a mere showing of noncompliance with a court order, or even misconduct, is never sufficient alone to prove civil contempt." ***Habjan, supra*** at 637.

***Thomas v. Thomas***, 194 A.3d 220, 225-26 (Pa. Super. 2018).

Taking the above recitation of the law regarding contempt into consideration, and following our review of the record, the briefs of the parties, and the thorough analysis provided by the Honorable Scott O. Mears, Jr., of the Court of Common Pleas of Westmoreland County, we conclude that Judge Mears properly addressed the issue presented and the arguments set forth in Father's brief in support of that issue. Accordingly, we adopt Judge Mears' opinion as our own for purposes of further appellate review and affirm the February 20, 2019 order on the basis espoused in Judge Mears' opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2019

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PA
CIVIL ACTION – CUSTODY

| | | |
|---|---|---|
| S. S., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 423 WDA 2019 |
| | ) | |
| | ) | |
| A.B., | ) | |
| Defendant. | ) | |

**Opinion in Support of Order Pursuant to Pa. R.A.P. 1925**

J. Mears                                                                                    May 10, 2019

## History

On January 17, 2014, S.S. (hereinafter "Father") filed a Complaint in Custody in Westmoreland County, seeking custody of his minor child, St. S. (born 9/21/11). On February 27, 2014, a custody conciliation conference took place. A.B. (hereinafter "Mother") was physically present, and Father, who was incarcerated at SCI – Pine Grove, in Indiana, Pennsylvania, took part by telephone. The parties came to an agreement, where Mother was to have sole legal and primary physical custody. It was agreed that Mother would consent to Father having unsupervised partial physical custody once he was released from prison, and successfully completed reconciliation therapy and parenting classes. A consent order setting forth those provisions was entered on that date. Order of Ct., Feb. 27, 2014.

On July 22, 2014, Father filed a Petition for Modification of Custody Order. A conciliation conference was scheduled on September 18, 2014. Again, Mother was personally present, and Father took part by telephone. The Honorable Christian F. Scherer issued an order keeping the major custody provisions set forth in the February 27, 2014 consent order in place.[1] He also added several miscellaneous provisions including a provision indicating that "[n]o party shall relocate a minor child unless every individual who has custody rights to the child consents to the proposed relocation OR the Court approves the proposed relocation." Order of Ct. 2, Sept. 19, 2014. It was noted that if a relocation were to occur, the relocating party was to serve the notice required in 23 Pa.C.S.A. Section 5337 upon the non-relocating party. Id.

---

[1] This included the provision that Father not be granted custodial rights except upon his release from prison.

Father did not request a custody trial following the entry of that order. However, on February 9, 2015, Father filed another modification petition. A conciliation conference was scheduled to take place on March 3, 2015. Father did not appear, and his modification petition was dismissed. The court issued an order on March 9, 2015, indicating that the provisions of the September 19, 2014 were to remain in full force and effect. Order of Ct. Mar. 9, 2015. Nothing further took place on this case until 2018.

A review of the docket would indicate that an "Amendment to Custody Complaint" was filed at the Prothonotary's Office by Father, on September 20, 2018. In said pleading, Father requested that the "Custody Complaint" be amended so that L.M. (hereinafter "Paternal Grandmother") would "be allowed to enter this Complaint as a [sic.] Intervenor due to having a personal stake in it as the child's Grandmother." Pl.'s Am. to Custody Compl., Sept. 20, 2018. Father filed a "Proof of Service" indicating that this document was served on the Westmoreland County Clerk of Courts but no other entities. This court was unaware that this document had ever been filed before reviewing the docket to respond to Father's appeal.

On October 11, 2018, Father filed and served on the court a "Petition for Civil Contempt for Disobedience of Custody Order." In it, he claimed that "[t]he defendant, Abbey Boring has violated the Court Order by relocating the said minor without consent. The defendant has terminated all communication, to include, phone, mail, visits, and visits with the rest of the plaintiff's family. The defendant has violated Rule 1915.17." Pl.'s Pet. for Civil Contempt, Oct. 11, 2018.

On October 10, 2018, pursuant to Westmoreland County Rule of Civil Procedure W1915.12,[2] this court scheduled a contempt conciliation conference and permitted Father to participate by telephone.

The contempt conciliation conference took place on November 19, 2018. Mother was present in person. Father was present by telephone. No testimony was taken at this proceeding. However, Father represented that he remained incarcerated. Mother represented that while she had moved with the minor child since the issuance of the September 19, 2014 custody order, she had merely moved from one unit at St. Clair Manor to another unit. Despite the fact that no

---

[2] The rule sets forth the following: "upon filing of any motion or petition alleging violation of a custody or partial custody order, and seeking enforcement of the order, whether or not sanctions are requested, the Court shall direct the parties to appear before the Court for a 15 minute conference to conciliate the disagreement. All parties and their counsel shall appear for this conference." Westmoreland County R.C.P. W1915.12.

testimony was taken, the court found that this move did not constitute a "relocation" as defined in 23 Pa.C.S.A. Section 5322. Furthermore, the court found that since Mother was not required to foster any communication between the child and his father (especially before Father was released from prison and completed counseling and classes), Mother could not be in contempt for terminating communication.

Father subsequently filed a Notice of Appeal, and, on December 21, 2018, the Court scheduled an evidentiary hearing on the Petition for Contempt. In the scheduling order, the court indicated that this was done after "reconsidering its decision on November 19, 2018 to dismiss Father's Petition for Civil Contempt for Disobedience of Custody Order and deciding that an evidentiary hearing is arguably appropriate given the fact that there was no testimony under oath at the conciliation conference of November 19, 2018 that Mother has not relocated the minor child." Order of Ct., Dec. 21, 2018.

The evidentiary hearing took place on February 19, 2019. The parties testified consistently with the representations they made at the November 19, 2018 conciliation conference. At the February 19, 2019 hearing, Father testified as follows:

Q: And sir, where are you residing currently?
A: SCI Camp Hill.
Q: So you're incarcerated?
A: Yes, sir.

....

Q: You were sentenced for something?
A: Yeah, it was 7 to 15.
Q: For what?
A: Arson.
Q: And when did you start your sentence?
A: 2016.
Q: Okay. Right now, as things stand, it looks like you probably wouldn't be released until 2023, but if your appeal is successful, you could be released much earlier, is that fair?
A: Yes, sir.
Q: Okay. You understand you don't have any custodial rights until you're released from incarceration. Do you understand that?
A: Yes, sir.

Tr. Evid. Hr'g. 7:6 - 8:11, Feb. 19, 2019.

Father claimed in his petition that Mother relocated with the minor child in violation of Pennsylvania Rule of Civil Procedure 1915.17. Pl.'s Pet. for Civil Contempt, Oct. 11, 2018. Mother's uncontested testimony was as follows:

> Q: Now, in 19 – I'm sorry. In 2014, when the order was issued, where were you residing?
> A: 150 Love Avenue in Seward, PA.
> Q: Is that a housing plan?
> A: Yes, ma'am, it is.
> Q: And what's that housing plan called?
> A: St. Clair Manor.
> Q: Now, since that time, have you moved from that specific apartment?
> A: Yes.
> Q: And where did you move to, not the address?
> A: Another apartment in the same complex.
> Q: And how far away from your original apartment is that new apartment?
> A: 30 or 40 feet maybe. I don't know, and that's being honest. I don't know.
> Q: No further questions, Your Honor.

Tr. Evid. Hr'g. 14:8-22, Feb. 19, 2019.

The Court dismissed the contempt petition, and Father's appeal followed.

### Discussion

In his Concise Statement of Errors Complained of on Appeal, Father's first argument is that the Court erred in failing to find Mother in contempt of court for relocating without giving proper notice. Specifically, he indicates that "[a]ny address change is a move, and the Defendant is in Contempt." Pl.'s Concise Statement of Errors 1, Apr. 6, 2019. The Appellate Court's standard of review is as follows:

> This Court will reverse a trial court's order denying a civil contempt petition only upon a showing that the trial court

Page 4 of 8

29

misapplied the law or exercised its discretion in a manner lacking reason. In proceedings for civil contempt of court, the general rule is that the burden of proof rests with the complaining party to demonstrate that the defendant is in noncompliance with a court order. To sustain a finding of civil contempt, the complainant must prove, by a preponderance of the evidence, that: (1) the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) the act constituting the contemnor's violation was volitional; and (3) the contemnor acted with wrongful intent.

MacDougall v. MacDougall, 49 A.3d 890, 892 (Pa. Super. 2012)(citations omitted).

In the Pennsylvania Child Custody Act, "relocation" is defined as follows: "A change in a residence of the child which significantly impairs the ability of a nonrelocating party to exercise custodial rights." 23 Pa. C.S.A. § 5322. Mother testified that she moved from one unit of St. Clair Manor to another. She indicated that she believed her new apartment to be approximately thirty to forty feet away from where she had previously resided. There was no evidence that she had lived in other residences since the custody order was entered on September 19, 2014. Even if Father were free and had substantial custody time with his son, his rights could not be affected by a move such as this. In this case, Father's custodial rights only come into play if he gets out of jail, schedules reunification therapy, completes parenting classes, and comes to a mutually agreeable arrangement with Mother. Because it is clear that his custodial rights have not been impaired at all by Mother's move, he has not proven that she has violated any court order by relocating, and this court cannot hold her in contempt.

Father next argues that this court was in error when "it ordered that the Appellant will not have any form of physical custody until his release." It should first be noted that Father initially agreed to this condition when he entered into a consent order on February 27, 2014. He apparently changed his mind when he filed modification petitions on July 8, 2014 and February 9, 2015. On March 9, 2015, the court entered an order indicating that the September 19, 2014 order, which suspended his rights until after incarceration, would remain in full force and effect. This was the last ruling where the court addressed or was asked to address custody. Rule 903(a) of the Pennsylvania Rules of Appellate Procedure provides as follows: "Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall

be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). In this case, Father has waited almost four years to appeal this ruling.

Finally, Father argues that "[t]he Court was in error for failing to review the record before the hearing ..." and that the Court should have addressed his request that Paternal Grandmother be added "as Intervenor in this case."

Pennsylvania Rules of Civil Procedure 1915.6(b), regarding joinder of parties, provides as follows: ·

> [i]f the court learns from the pleadings or any other source that any other person who claims to have custodial rights with respect to the child is not a party to the action, it shall order that notice be given to that person of the pendency of the action and of the right to intervene therein.

Pa. R.C.P. No. 1915.6(b).

The comment to this rule is as follows:

> The position taken by the rules is that a person in physical custody of the child and a parent whose parental rights have not been terminated are necessary parties to a custody determination. While it may be desirable to have other persons who claim custody rights as parties to the action, their joinder is not a prerequisite to a custody determination.

Pa. R.C.P. No. 1915.6 cmt. (1994).

In this case, the Court was never served with the "Amendment to Custody Complaint" wherein Father requested that his mother be added as a party. If it had been, then arguably the court should have given the Paternal Grandmother notice that she had the right to intervene. However, it can be assumed that she had already been provided notice of the custody action by her son, since her son wanted her to intervene.

Although the custody rules ·do not set forth the procedure to petition the court to intervene, Rule 2328 of the Pennsylvania Rules of Civil Procedure sets forth the general requirements for intervenors:

> Application for leave to intervene shall be made by a petition in the form of and verified in the manner of a plaintiff's initial pleading in

a civil action, setting forth the ground on which intervention is sought and a statement of the relief or the defense which the petitioner desires to demand or assert. The petitioner shall attach to the petition a copy of any pleading which the petitioner will file in the action if permitted to intervene or shall state in the petition that the petitioner adopts by reference in whole or in part certain named pleadings or parts of pleadings already filed in the action.

Pa.R.C.P. No. 2328.

Paternal Grandmother never filed a petition to intervene. Instead, it was Father, in his "Amendment to Custody Complaint," who made this request. He did not cite any authority indicating the ground on which intervention was sought -- he merely stated that Paternal Grandmother had "a personal stake in it as the child's Grandmother." He did not attach a copy of any pleading which Paternal Grandmother would file and, on her behalf, he never adopted by reference portions of any pleadings already filed. Under the rules of civil procedure, the onus is on Paternal Grandmother to petition the court to intervene in this matter. Because she has not, the court cannot consider adding her as a party, whether it was aware of Father's "Amendment to Custody Complaint" or not.

## Conclusion

This court maintains that Father's contempt petition was properly denied, that Father's constitutional rights to custody have not been violated, and that this court was not in error in failing to allow Paternal Grandmother to intervene in this matter.

BY THE COURT:

_____ J.
/Scott O. Mears, Jr.

ATTEST:

_____
Prothonotary

cc:    Steven Sanchez, *Plaintiff*, MV3721, P.O. Box 200, SCI Camp Hill, Camp Hill, PA
17001-0200
Richard McGiffin, Esq., *Attorney for Defendant*, 16 E. Otterman St., Greensburg, PA
15601
File