J-A12023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HIDDEN RIDGE CONDOMINIUM ASSOCIATION, INC., A PENNSYLVANIA NON-PROFIT CORPORATION, AND JILL WANZIE, TOM BURICH, KATHLEEN RAUSCHER, KAREN LOFE AND CORY SIGLER, AS TRUSTEES AD LITEM OF THE EXECUTIVE BOARD OF THE HIDDEN RIDGE CONDOMINIUM ASSOCIATION, ON THEIR OWN BEHALF AND ON BEHALF OF ALL OTHERS SIMILIARY SITUATED. | : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br>No. 1272 WDA 2018 |
| v. | : : : | |
| P. RONALD SABATINO A/K/A RONALD SABATINO, SCIOTO CONSTRUCTION COMPANY, A PENNSYLVANIA CORPORATION, T&R PROPERTIES, INC., AN OHIO CORPORATION | : : : : : : : : : | |
| APPEAL OF: SCIOTTO CONSTRUCTION COMPANY | : : | |

Appeal from the Order Entered August 1, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD--08-021879

| | | |
|---|---|---|
| HIDDEN RIDGE CONDOMINIUM ASSOCIATION, INC., A PENNSYLVANIA NON-PROFIT CORPORATION, AND JILL WANZIE, TOM BURICH, KATHLEEN RAUSCHER, KAREN LOFE AND CORY SIGLER, AS TRUSTEES AD LITEM OF THE EXECUTIVE BOARD OF THE HIDDEN RIDGE CONDOMINIUM ASSOCIATION, ON THEIR OWN | : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br>No. 1307 WDA 2018 |

BEHALF AND ON BEHALF OF ALL          :
OTHERS SIMILIARY SITUATED            :
                                     :
                                     :
                                     :
          v.                         :
                                     :
                                     :
                                     :
P. RONALD SABATINO A/K/A             :
RONALD SABATINO, SCIOTO              :
CONSTRUCTION COMPANY, A              :
PENNSYLVANIA CORPORATION, T&R        :
PROPERTIES, INC., AN OHIO            :
CORPORATION.                         :
                                     :
                                     :

APPEAL OF: HIDDEN RIDGE
CONDOMINIUM ASSOCIATION, INC.

Appeal from the Order Entered August 1, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD 08-21879

HIDDEN RIDGE CONDOMINIUM        :   IN THE SUPERIOR COURT OF
ASSOCIATION, INC., A            :        PENNSYLVANIA
PENNSYLVANIA NON PROFIT         :
CORPORATION AND JILL WANZIE,    :
TOM BURISH, KATHLEEN RAUSCHER,  :
KAREN LOFE AND CORY SIGLER, AS  :
TRUSTEES AD LITEM OF THE        :
EXECUTIVE BOARD OF THE HIDDEN   :
RIDGE CONDOMINIUM               :   No. 1642 WDA 2018
ASSOCIATION, ON THEIR OWN       :
BEHALF AND ON BEHALF OF ALL     :
OTHERS SIMILARLY SITUATED       :
                                :
                                :
          v.                    :
                                :
                                :
                                :
P. RONALD SABATINO A/K/A        :
RONALD SABATINO, SCIOTO         :
CONSTRUCTION COMPANY, A         :
PENNSYLVANIA CORPORATION, T&R   :
PROPERTIES, INC., AN OHIO       :
CORPORATION                     :

- 2 -

J-A12023-19

```
                                       :
                                       :
APPEAL OF: SCIOTO CONSTRUCTION         :
COMPANY

            Appeal from the Order Entered October 23, 2018
         In the Court of Common Pleas of Allegheny County Civil Division at
                        No(s):  No. GD-08-021879

HIDDEN RIDGE CONDOMINIUM               :    IN THE SUPERIOR COURT OF
ASSOCIATION, INC., A                   :           PENNSYLVANIA
PENNSYLVANIA NON-PROFIT                :
CORPORATION, AND JILL WANZIE,          :
TOM BURICH, KATHLEEN RAUSCHER,         :
KAREN LOFE AND COREY SIGLER, AS        :
TRUSTEES AD LITEM OF THE               :
EXECUTIVE BOARD OF THE HIDDEN          :
RIDGE CONDOMINIUM                      :    No. 1692 WDA 2018
ASSOCIATION, ON THEIR OWN              :
BEHALF AND ON BEHALF OF ALL            :
OTHERS SIMILARLY SITUATED              :
                                       :
                                       :
                                       :
              v.                       :
                                       :
                                       :
                                       :
P. RONALD SABATINO A/K/A               :
RONALD SABATINO, SCIOTO                :
CONSTRUCTION COMPANY, A                :
PENNSYLVANIA CORPORATION, T&R          :
PROPERTIES, INC., AN OHIO              :
CORPORATION                            :
                                       :
                                       :
                                       :
APPEAL OF: HIDDEN RIDGE                :
CONDOMINIUM ASSOCIATION, INC.

            Appeal from the Order Entered October 23, 2018
         In the Court of Common Pleas of Allegheny County Civil Division at
                        No(s):  No. GD08-21879
```

BEFORE:  BENDER, P.J.E., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                          **FILED October 1, 2019**

- 3 -

Appellant, Scioto Construction Company ("Scioto"), appeals from the Order entered August 1, 2018 ("Sanctions Order"), which rendered final a prior Order entered April 13, 2018 ("Contempt Order").[1] Scioto also appeals an Order subsequently entered October 23, 2018 ("Reconsideration Order"). Appellee, Hidden Ridge Condominium Association, Inc. ("Hidden Ridge"), has filed cross-appeals from the Contempt Order and the Reconsideration Order.[2] For the following reasons, upon consideration of the record and the arguments of the parties, we reverse the Contempt Order and, accordingly, vacate the Sanctions Order and Reconsideration Order.

Scioto developed a condominium project in South Park Township, Allegheny County. **See generally** Trial Ct. Op., filed 4/3/13.[3] In order to resolve ongoing litigation, the parties entered into a Settlement Agreement. Among its terms, Scioto agreed that "the permanent storm water detention facilities shall be completed and dedicated to South Park Township by

_____

[1] Prior to imposition of sanctions, an order merely finding a defendant in contempt is interlocutory. **See Rhoades v. Pryce**, 874 A.2d 148, 151-53 (Pa. Super. 2005) (*en banc*). Once the court imposes sanctions, however, the previously interlocutory order is final and appealable. **Id.**

[2] This Court *sua sponte* consolidated these appeals and cross-appeals. **See** Order, 12/11/18; Pa.R.A.P. 513.

[3] The factual and procedural background to this dispute are extensive but largely irrelevant to this appeal. For further background, we direct the reader to a prior panel decision of this Court, as well as several trial court Opinions and Memoranda. **See, e.g.**, **Hidden Ridge Condo., Inc. v. Sabatino**, No. 1992 WDA 2012, unpublished memorandum (Pa. Super. filed 12/18/13); Trial Ct. Op., filed 11/28/18; Trial Ct. Mem., filed 8/1/18; Trial Ct. Mem., filed 4/13/18; Trial Ct. Op., filed 4/3/13.

December 2014," in accordance with its prior agreements and local law. Settlement Agreement, 9/21/12, at 5 § II.1.3.

In January 2015, Hidden Ridge filed a Petition, asserting that Scioto had failed to meet these obligations. Petition to Enforce Settlement Agreement, 1/20/15. The trial court granted the Petition, directing that Scioto "shall complete construction of the permanent storm[ ]water detention facilities and take the appropriate steps to have the facilities dedicated to and accepted by the Township, without further delay weather permitting." Trial Ct. Order, 2/17/15 ("Enforcement Order"). The court further granted that Hidden Ridge could seek further relief if Scioto failed to satisfy these obligations by June 30, 2015. *Id.*

In January 2018, Hidden Ridge filed a Motion for Sanctions, asserting that Scioto had failed to comply with the trial court's Enforcement Order. Motion for Sanctions, 1/22/18. Hidden Ridge sought "such sanctions as the [c]ourt deems appropriate, including an award of reasonable attorney fees and other reasonable costs associated with the construction and/or acceptance of the storm[ ]water facilities." *Id.* at ¶ 5.[4]

---

[4] Subsequently, Hidden Ridge attached a proposed order to a Brief filed in support of its Motion for Sanctions, delineating its requested relief as follows: necessary repairs totaling $218,866.00; annual maintenance in perpetuity (not quantified); a Robinson Pipe invoice for $2,186.25; expert fees totaling $1,890.00 (plus additional fees still pending); legal fees and costs totaling $6,484.40 (plus additional fees and costs not yet quantified). Hidden Ridge Reply Brief in Support of Motion for Sanctions, Proposed Order of Court, 7/25/18.

Following a hearing in April, the court held Scioto in contempt of its Enforcement Order, deferring the issue of sanctions to a later date. *See* N.T. Contempt, 4/11/18; Contempt Order, 4/13/18. The court entered limited findings of fact and set forth no legal analysis of civil contempt. In support of its decision, the court merely noted that Scioto had not sought formal approval of the storm water detention facility until November 2015. Trial Ct. Mem., filed 4/13/18, at 2 (unpaginated). Further, the court acknowledged that a local zoning ordinance precluded the township from accepting dedication of the facility. *Id.*

A sanctions hearing commenced in July 2018. Thereafter, the trial court determined to sanction Scioto in the amount of $39,283.05, payable to Hidden Ridge. *See* Sanctions Order, 8/1/18. According to the court, this amount was necessary to restore the storm water detention facility to a functioning condition and, upon payment, would transfer the responsibility of ongoing maintenance of the facility to Hidden Ridge. *Id.* The court did not award Hidden Ridge fees or costs. *Id.*

In a memorandum accompanying its Order, the trial court reiterated that South Park Township does not accept for dedication storm water detention facilities, and therefore, Scioto's performance of this obligation was impossible. Trial Ct. Mem., filed 8/1/18, at 2 (unpaginated). Nevertheless, the court faulted Scioto for not conducting "greater research at the time it entered into [the Settlement] Agreement." Thus, the court reasoned that a proper sanction would require Scioto to pay for currently necessary repairs,

but then such repairs would absolve Scioto of any ongoing maintenance responsibilities. *Id.*; *see also* N.T. Sanctions, 7/25/18, at 156 (trial court suggesting that it "[had] to work out some sort of equitable remedy").

In August 2018, Hidden Ridge filed a Motion, seeking additional compensation for fees and costs. *See* Motion to Mold Order Awarding Sanctions, 8/8/18 ("Motion for Reconsideration"). The trial court did not grant the Motion for Reconsideration but scheduled a hearing for October 11, 2018, to consider its merits. Trial Ct. Order, 8/20/18.

Shortly thereafter, Scioto timely appealed from the Sanctions Order, and Hidden Ridge timely filed a cross-appeal. *See* Scioto Notice of Appeal, 8/31/18; Hidden Ridge Notice of Cross-Appeal, 9/11/18. Both parties filed court-ordered Pa.R.A.P. 1925(b) Statements, and the trial court entered a responsive Opinion. *See* Trial Ct. Op., filed 11/28/18.

Despite Scioto's appeal, the trial court proceeded to consider Hidden Ridge's Motion for Reconsideration, ultimately awarding Hidden Ridge $62,507.65, which included the original award for repairs as well as certain fees and costs associated with the litigation. *See* Reconsideration Order, 10/23/18. Scioto timely appealed from this Order, and Hidden Ridge timely cross-appealed. *See* Scioto Notice of Appeal, 11/13/18; Hidden Ridge Notice of Cross-Appeal, 11/26/18.[5]

---

[5] The record certified to this Court includes a second Pa.R.A.P. 1925(b) Statement filed *sua sponte* on behalf of Hidden Ridge. *See* Hidden Ridge Concise Statement, 12/3/18. However, it does not appear the trial court directed this filing, nor is there any subsequent Rule 1925 activity.

Scioto asserts the following issues on appeal:

1. Whether the court erred and/or abused its discretion in holding [Scioto] in contempt of its [Enforcement Order] for failing to cause South Park Township to accept a dedication of the storm water detention facility where [Scioto's] compliance with the [O]rder to achieve such a result was not within its own control and, therefore[,] not willful, volitional[, or] contemptuous[;]

2. Whether the court erred and/or abused its discretion in imposing sanctions upon [Scioto] for contempt of the [Enforcement Order] for failing to cause South Park Township to accept dedication of the storm water detention facility where the [c]ourt found that compliance with the Order, as [Hidden Ridge] sought in the [Motion for Sanctions], was impossible due to legal impediments that predated both the [Enforcement Order] and the [S]ettlement [A]greement it purported to enforce[; and]

3. Whether the court erred and/or exceeded its jurisdiction by reconsidering its [Sanctions Order] and imposing additional sanctions following the filing of a [N]otice of [A]ppeal and after the expiration of the prescribed period for taking such appeal.

Scioto's Br. at 5-6.

For its part, Hidden Ridge asserts the following issues:

1. Whether the trial court committed an error of law or abused its discretion in failing to award an amount of sanctions [that] would have placed Hidden Ridge in the position they would have been in if Scioto . . . had not breached the Settlement Agreement or was not in contempt of the [Enforcement Order,] which the trial court entered to enforce the Settlement Agreement[;]

2. Whether the trial court committed an error of law or abuse of discretion in awarding an amount of sanctions [that] was against the weight of the evidence and was not consistent with the evidence, as the actual damages far exceeded the amount of the award of sanctions[; and]

3. Whether the award of attorney fees and costs was proper[.]

- 8 -

Hidden Ridge's Br. at iv.

Principally, Scioto challenges the trial court's decision holding Scioto in civil contempt of the court's Enforcement Order. "As each court is the exclusive judge of contempts against its process, we will reverse an order of contempt only upon a showing of a plain abuse of discretion." *In re Contempt of Cullen*, 849 A.2d 1207, 1210 (Pa. Super. 2004) (citation omitted), *appeal denied*, 868 A.2d 1201 (Pa. 2005); *Lachat v. Hinchcliffe*, 769 A.2d 481, 487 (Pa. Super. 2001). "[A]n appellate court has the authority to determine whether the findings of the trial court support its legal conclusions, but may only interfere with those conclusions if they are unreasonable in light of the trial court's factual findings." *Sutch v. Roxborough Mem'l Hosp.*, 142 A.3d 38, 67 (Pa. Super. 2016) (citation omitted), *appeal denied*, 163 A.3d 399 (Pa. 2016).

In its first issue, Scioto contends the trial court abused its discretion in in holding Scioto in civil contempt of the Enforcement Order. *See* Scioto's Br. at 16-20. According to Scioto, the court "repeatedly observed" that South Park Township would not accept dedication of the storm water detention facility. *Id.* at 18. In light of this finding, Scioto suggests, Hidden Ridge failed to establish that Scioto acted willfully or with wrongful intent. *Id.* at 17. Thus, Scioto concludes, the trial court lacked authority to hold Scioto in contempt. *Id.* at 20. We agree.

The purpose of civil contempt proceedings is remedial. *Cullen*, 849 A.2d at 1210. Reflecting this remedial purpose, before a court may impose

civil contempt, "the trial court must be convinced . . . from the totality of evidence presented that the contemnor has the present ability to comply with the [o]rder." **In re Estate of DiSabato**, 165 A.3d 987, 992-93 (Pa. Super. 2017). "Judicial sanctions are employed to coerce the defendant into compliance with the court's order, and in some instances, to compensate the complainant for losses sustained." **Lachat**, 769 A.2d at 488 (citation omitted).[6]

To establish civil contempt, a complainant must prove three elements: "(1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent." **Stahl v. Redcay**, 897 A.2d 478, 489 (Pa. Super. 2006) (citation omitted), *appeal denied*, 918 A.2d 747 (Pa. 2007).

Significantly, mere noncompliance—or even misconduct—is insufficient to establish civil contempt. **See, e.g.**, **Sutch**, 142 A.3d at 75-76 (reversing contempt finding where plaintiff failed to introduce evidence that defense attorney, intentionally and with wrongful intent, solicited evidence from expert witness in violation of motion *in limine*). Ancillary disputes between the

_____

[6] Of course, to the extent Hidden Ridge may conclude that Scioto has not met its obligations under the Settlement Agreement, it may file a separate, revised and/or amended Petition to Enforce, as set forth in the Settlement Agreement. We observe, however, that in such event, "each party shall bear its attorneys' fees incurred therein, in addition to such other costs and expenses." Settlement Agreement at 13 ¶ 8.

parties are not relevant in a contempt hearing. "The focus of a contempt hearing is very narrow and is confined to a consideration of whether the specific order before the court has been violated." *Lachat*, 769 A.2d at 491 (citation omitted). Thus, it is inappropriate for the trial court to permit parties to treat the hearing as an open forum to air their disputes. *Id.*

With this background in mind, we consider Scioto's performance vis-à-vis the Enforcement Order. In February 2015, the trial court imposed two requirements on Scioto: (1) "complete construction of the permanent storm[ ]water facilities" and (2) "take the appropriate steps to have the facilities dedicated to and accepted by the Township." Enforcement Order. These requirements included a timeliness element. *See id.* (directing compliance "without further delay weather permitting . . . by June 30, 2015").

Following the contempt hearing in April 2018, the trial court did not enter findings directly relevant to the first requirement of the Enforcement Order, merely noting that Scioto had not sought township approval of its work until months after the June 2015 deadline. *See* Trial Ct. Mem., filed 4/13/18, at 2; N.T. Contempt at 72-74 (testimony and supporting documentation from South Park Township Code Enforcement Officer Gary Wargo that work on the detention facility had passed final inspection in December 2015, and that the township had released the construction bond posted, signifying Scioto's completion of the project, in January 2016); *but see also* N.T. Contempt at 89 (testimony from Scioto supervisor David Dillon that work was complete in

summer of 2015).[7]  The court's lack of detailed findings hinder our review. Nevertheless, we conclude that there was adequate support in the record to enable the court to infer that Scioto failed to complete its work in timely fashion.

Regarding the second requirement, it is undisputed that local law provides in relevant part: "It is the expressed intention of the TOWNSHIP to not accept the dedication of storm[ ]water detention and/or management systems."  South Park Township, Pa. Ordinance No. 596, Code § 118.29.3 (capitalization in original).  Thus, the court found that "South Park Township does not accept dedication of or accept a dedicated storm water facility."  Trial Ct. Mem., 4/13/18, at 2; **see also** Trial Ct. Op., filed 11/28/18, at 8 ("This writer concedes that the requirement on Scioto encompassed and mandated by the February [20]15 [Enforcement Order] is legally and practically impossible.").

Mindful of our standard of review, the record supports the court's conclusion that Scioto did not comply with the Enforcement Order—*i.e.*, Scioto did not complete construction of the storm water detention facility by June 2015, and Scioto did not dedicate the facility to the township.  However, mere noncompliance is insufficient to establish civil contempt.  **Sutch**, 142 A.3d at

---

[7] Hidden Ridge did not challenge Scioto's evidence regarding the first requirement directly.  Rather, Hidden Ridge established that repairs were required in November 2017, long after the township had certified Scioto's work as complete.  **See** N.T. Contempt at 7 (testimony from plumbing contractor Christopher Sperl), 26-30 (testimony from expert witness, engineer Lawrence Lennon, discussing a report compiled in April 2018).

75-76. In this case, the trial court declined to credit any evidence that Scioto acted willfully or with wrongful intent with respect to either requirement imposed on Scioto by the Enforcement Order. **Stahl**, 897 A.2d at 489. Moreover, while the absence of any evidence of wrongful intent underlying Scioto's untimely completion of its work undermines a contempt finding, the court's express finding that compliance with the dedication requirement was impossible absolutely precludes any consequential finding by the trial court that Scioto acted with wrongful intent.[8] **Id.**

For this reason, the trial court's legal conclusion was clearly unreasonable, constituting a plain abuse of its discretion. Accordingly, we reverse its Contempt Order. **See Sutch**, 142 A.3d at 67; **Cullen**, 849 A.2d at 1210; **Lachat**, 769 A.2d at 487. Moreover, our holding is dispositive with respect to the remaining issues. As the court lacked authority to find Scioto

_____

[8] Hidden Ridge echoes the trial court's analysis suggesting that "impossibility" is not a valid defense in this case, as Scioto was aware of the local ordinance—or should have been—before it agreed to terms in the Settlement Agreement. **Compare** Hidden Ridge Br. at 36-38 (noting that contract obligations are discharged only where a supervening impracticability occurs), **with** Trial Ct. Op., filed 11/28/18, at 8-9 (observing that "no occurrence, non-occurrence, nor supervening event" discharged Scioto's obligations under the Settlement Agreement). This analysis, however, conflates a broader consideration of whether Scioto violated the terms of the Settlement Agreement—and whether it should be held accountable for such breach—with our narrow concern whether Scioto contemptuously violated the Enforcement Order. **See Lachat**, 769 A.2d at 491. Simply put, whether Scioto may assert an affirmative defense to the Settlement Agreement is ancillary, and thus irrelevant, to our analysis in this appeal. **See id.**

in civil contempt, we vacate the court's subsequent Orders imposing sanctions.

Contempt Order reversed; Sanctions Order vacated; Reconsideration Order vacated.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/1/2019